

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

BRIAN JOHNSON,

    Plaintiff,

v.

NATIONAL ASSOCIATION OF
SECURITIES DEALERS, INC.,

    Defendant.

CIVIL ACTION NO.

**3 0 6 - C V 1 2 9 3 - P**

2477

### NOTICE OF REMOVAL OF
### NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC.

Defendant National Association of Securities Dealers, Inc. ("NASD"), pursuant to 28 U.S.C.

§§ 1441 and 1446, and in accordance with 28 U.S.C. §§ 1331, 1332, and 1367 and 15 U.S.C.

§§ 78aa, respectfully notifies this Court that:

    1.    A civil action was commenced on or about July 5, 2006, captioned *Brian Johnson v.*

*National Association of Securities Dealers, Inc.*, Cause No. DC-06-06520, pending in the 44th

Judicial District Court of Dallas County, Texas (the "State Court Action").

    2.    Counsel for NASD received a copy of the Original Petition and Demand for Jury

Trial ("Petition") in the State Court Action by U.S. mail on July 5, 2006, attached hereto as

Exhibit A. No other process, pleading, or order in the state court action—including a summons or

citation—has been served upon defendant NASD or its counsel, and no motions or other matters are

pending in the State Court Action. The documents described in Local Rule 81.1(a)(3) are attached

hereto as Exhibit B.

    3.    NASD is the only defendant named in the state court action.

    4.    This Notice of Removal is filed within thirty days after the first receipt of the

original pleading by the named defendant, in accordance with 28 U.S.C. § 1446(b), and is signed in

accordance with Rule 11 of the Federal Rules of Civil Procedure.

6.      This Court has original diversity jurisdiction over this action pursuant to 28 U.S.C.

§ 1332, in that this is an action between citizens of different States in which the amount in

controversy exceeds $75,000.  Defendant NASD is incorporated in the State of Delaware and has its

principal place of business in Washington, D.C.  *See* Petition ¶ 2.  Plaintiff Brian Johnson appears to

be a citizen of Texas residing in Irving, Texas.  *See id.* ¶ 1.  Thus, defendant and plaintiff are

citizens of different States, and defendant is not a citizen of the State in which the removed action

was brought.  Plaintiff seeks damages for economic harm, mental anguish, and reputational injury,

sufficient to compensate him for the loss of "his Ameriprise sponsorship and any chance at

becoming a salaried Ameriprise employee" and irreparable harm to his "personal relationships,

personal health and self-confidence."  *Id.* ¶ 8; *see id.* ¶¶ 43-47.  Plaintiff also seeks trebled statutory

damages under Texas law, *id.* ¶ 43, and exemplary or punitive damages, *id.* § IX.c.  Plaintiff

estimates his total damages at $537,000.  *See id.*, Exh. C, at 3.  This sum exceeds the requisite

amount in controversy.

6.      This Court also has original federal-question jurisdiction over this action pursuant to

28 U.S.C. § 1331 and 15 U.S.C. § 78aa, because one or more of plaintiff's causes of action arises

under the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78 *et seq.*, and the rules

and regulations promulgated thereunder.  NASD is a self-regulatory organization registered with the

Securities and Exchange Commission (SEC) as a national securities association pursuant to the

Maloney Act amendments to the Exchange Act, 15 U.S.C. §§ 78o-3 *et seq.*  Plaintiff seeks to hold

NASD liable for performing its functions arising under the Exchange Act and the rules and

regulations thereunder.  *See* 15 U.S.C. § 78aa (federal district courts have "*exclusive jurisdiction*"

over "violations of [Title 15] or the rules and regulations thereunder, and of all suits in equity and

actions at law brought to enforce any liability or duty created by this title or the rules and

regulations thereunder") (emphasis added).  Plaintiff contends (*see, e.g.*, Petition ¶¶ 22, 25, 30-31,

**NOTICE OF REMOVAL OF NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC. - Page 2**
100043263_1.DOC

38) that NASD has failed to fulfill its obligations in connection with the registration of securities representatives, the administration of the Series 7 Examination, and related reporting obligations—obligations that arise under and are expressly governed by the Exchange Act and rules promulgated thereunder. *See, e.g.*, 15 U.S.C. § 78*o*(b)(7) (the SEC "may require persons associated with . . . brokers and dealers to pass tests administered by or on behalf of" self-regulatory organizations such as NASD); 68 Fed. Reg. 11424, 11426 (Mar. 10, 2003) (setting out the text of NASD Rule 1031(a), which specifies that persons who wish to engage in the investment banking or securities business with an NASD member firm must pass the Qualification Exam for Representatives specified by NASD). Some or all of plaintiff's claims therefore are within this Court's exclusive jurisdiction pursuant to 15 U.S.C. § 78aa. Any remaining claims are so related to the federal claims that they form part of the same case or controversy, and this Court has supplemental jurisdiction over any such claims pursuant to 28 U.S.C. § 1367.

7.     Because this action is within this Court's original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1367 and 15 U.S.C. § 78aa, the action may be removed to this Court pursuant to 28 U.S.C. § 1441.

8.     A copy of a Notice of Filing of Notice of Removal is attached hereto as Exhibit C. Promptly after filing this notice, defendant will serve that notice on counsel for plaintiff and will file copies of the Notice of Filing and this notice with the 44th Judicial District Court of Dallas County, Texas, as required by 28 U.S.C. § 1446(d).

WHEREFORE, defendant NASD prays that the State Court Action be removed from the 44th Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas.

DATE: July 20, 2006

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By:_____
    Thomas C. McGraw
    State Bar No. 13653700
    TMcGraw@gibsondunn.com
    John Franklin Guild
    State Bar No. 24041022
    JGuild@gibsondunn.com

2100 McKinney Avenue, Suite 1100
Dallas, Texas 75201

Telephone: (214) 698-3133
Facsimile: (214) 571-2937

ATTORNEYS FOR DEFENDANT

OF COUNSEL:
F. Joseph Warin
William M. Jay
Jennifer J. Schulp
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 955-9500
Fax: (202) 467-0539

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Notice of Removal of National

Association of Securities Dealers, Inc. has been served on counsel for Plaintiff, Brian Johnson, by

certified mail return receipt requested and by facsimile on this 20th day of July, 2006 as follows:

Jason L. Horton
Mark C. Burgess
CRISP, BOYD, POFF, SCHUBERT & BURGESS L.L.P.
2301 Moores Lane
Texarkana, Texas 75505
Telephone:     903-838-6123
Facsimile:     903-832-8489

John Franklin Guild

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

BRIAN JOHNSON,

        Plaintiff,

v.

NATIONAL ASSOCIATION OF
SECURITIES DEALERS, INC.,

        Defendant.

CIVIL ACTION NO. _____

**TABLE OF CONTENTS OF EXHIBITS TO NOTICE OF REMOVAL OF
NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC.**

A.      Plaintiff's Original Petition and Demand for Jury Trial, received by counsel for
National Association of Securities Dealers, Inc. ("NASD") on July 5, 2006.

B.      Documents described by Local Rule 81.1(a)(3):

           1.     Index of all documents filed in *Brian Johnson v. National Association
of Securities Dealers, Inc.*, Cause No. DC-06-06520, pending in the
44th Judicial District Court of Dallas County, Texas (the "state court
action").

           2.     Docket Sheet regarding the state court action.

           3.     Plaintiff's Original Petition and Demand for Jury Trial, file-stamped
July 5, 2006 (with accompanying transmittal letter), which NASD
asserts on information and belief is the only document filed in the
state court action.

           4.     Certificate of Interested Persons of NASD, which will be filed
contemporaneously with the Notice of Removal of NASD.

C.      State Court Notice of Filing Notice of Removal.

AVERY™

RECYCLED PAPER MADE FROM 20% POST CONSUMER CONTENT



**J. DAVID CRISP**
BOARD CERTIFIED • PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION
BOARD CERTIFIED • CIVIL TRIAL ADVOCACY
NATIONAL BOARD OF TRIAL ADVOCACY

**JACK N. BOYD, JR.**
BOARD CERTIFIED • PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

**FRANKLIN A. POFF, JR.**

**BILL SCHUBERT**
BOARD CERTIFIED • PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

**MARK C. BURGESS**
BOARD CERTIFIED • PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

———————

**MINOR W. (TREY) DAVIS, III**

**JASON L. HORTON**

———————

*OF COUNSEL*

**RANDALL D. GOODWIN**

**DAVID P. COTTEN**
BOARD CERTIFIED • PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

**ATTORNEYS LICENSED TO
PRACTICE IN TEXAS & ARKANSAS
STATE AND FEDERAL COURTS**

**OFFICE ADMINISTRATOR**
DEBORAH G. MCENTIRE

# CRISP, BOYD, POFF,
## SCHUBERT & BURGESS, L.L.P.
### ATTORNEYS AT LAW
*A Registered Limited Liability Partnership*

2301 MOORES LANE • POST OFFICE BOX 6297
TEXARKANA, TEXAS 75505-6297
TELEPHONE: 903/838-6123 • FACSIMILE: 903/832-8489
*www.cbplaw.com*

June 30, 2006

**_Via First Class Mail_**
Mr. Jim Hamlin
Dallas County District Clerk
600 Commerce Street
1st Floor—Suite 103
Dallas, Texas 75202

Re:   ***Brian Johnson v. National Association of Security
Dealers, Inc.***; Cause No. _____; In the District
Court of Dallas County, Texas.

Dear Mr. Hamlin:

Enclosed please find the Dallas County Civil District Court Cover
Sheet and the original and two (2) copies of Plaintiff's Original Petition and
Demand for Jury Trial. I would ask that you please file the Original Petition
with the records in your office and place your file-marked stamp upon both of
the extra copies and return to me in the self-addressed, stamped envelope
enclosed for your convenience.

Also enclosed is my firm's check in the amount of $247.00,
representing the civil filling fee of $217.00 and jury fee of $30.00. Formal
service is not necessary at this time.

If you have any questions or comments, please do not hesitate to
contact my office. Kindest regards.

Sincerely yours,

Jason L. Horton

JLH/anw
1176.000
Enclosures

cc:   Mr. William M Jay
Mr. Mark C. Burgess
Mr. Brian Johnson



# DALLAS COUNTY CIVIL DISTRICT COURT COVER SHEET

STYLED _Brian Johnson_    v.    _National Association of Securities Dealers, Inc._

This Civil Cover Sheet must be completed, filed and served with every petition. The information should be the best available at the time of filing, understanding that the information may change before trial. **This information does not constitute a discovery request, response, or supplementation, and is not admissible at trial.** Check (✔) all applicable boxes.

| Plaintiff(s) | Defendant(s) (list separately) |
|---|---|
| □ Pro Se | _National Association of Securities Dealers, Inc._ |
| Address _____ | |
| Telephone/Fax _____ | |
| E-mail _____ | |
| ✔ Attorney for Plaintiff(s) | |
| State Bar No. _24041130_ | |
| Address _2201 market lane_ | |
| _Texarkana, Tx 75505_ | |
| Telephone/Fax _903-659-6123_   FAX _903-832-4489_ | |
| E-mail _jherten@cbplaw.com_ | |

## PARTIES _MUST_ CHECK ONE CASE TYPE AND MAY CHECK ONE SUB-TOPIC

□ Administrative Appeal
□ Bill of Review
□ Certiorari
□ Code Violations
□ Condemnation
□ Construction
□ Debt/Contract
□ Defamation
□ Other Commercial Dispute
  □ Antitrust/Unfair Comp
  ✔ Consumer/DTPA
  □ Franchise
  □ Fraud/Misrep
  □ Intellectual Property
  □ Non-Competes
  □ Partnership
  □ Securities/Stock
  □ Tortious Interference
  O Other Commercial
□ Discipline
□ Discovery
  □ Rule 202 Depositions
  □ Commissions
  □ Subpoena
  □ Letters Rogatory
  O Other Discovery
□ Employment
  □ Discrimination
  □ Retaliation

  □ Termination
  O Other Employment
□ Foreclosure
  □ R 736
  □ Other than R 736
□ Foreign Judgment
□ Insurance
□ Mass Tort/MDL/Rule 11
  □ Asbestos
  □ Baycol
  □ Breast Implant
  □ Firestone
  □ Phen-Fen
  □ Silica
  O Other Multi-Party
□ Motor Vehicle Accident
□ Other Personal Injury
  □ Assault/Battery
  □ Product
  □ Premises
  ✔ Other Personal Injury
□ Name Change
□ Post-Judgment
□ Professional Liability
  □ Accounting
  □ Legal
  □ Med/Mal
  □ Other Prof. Liab.
□ Property

□ Partition
□ Quiet Title
□ Trespass/Try Title
O Other Property
□ Prejudgment Remedy
□ Seizure/Forfeiture
□ Tax
  □ Tax Appraisal
  □ Tax Delinquency
  □ Tax Land Bank
  □ Tax Personal
  □ Tax Real
□ Workers Comp
□ Other

**ADDITIONAL SUB-TOPICS**
  □ Attachment
  □ Bill of Discovery
  □ Class Action
  □ Declaratory Judgment
  □ Garnishment
  □ Interpleader
  □ License
  □ Mandamus
  □ Receiver
  □ Sequestration
  □ Severance
  □ TRO/Injunction
  □ Turnover

---

**DISCOVERY LEVEL**    □ Level 1    ✔ Level 2    □ Level 3

**Local Rule 1.08 Certification (Must be completed and signed)**
✔ This case is not subject to transfer pursuant to Local Rule 1.07, OR
□ This case is related to another case filed or disposed of in Dallas County:
  Court: _____   Style: _____   Case No. _____

_[signature]_
**Attorney's Signature**

CAUSE NO. _____

| | | |
|---|---|---|
| **BRIAN JOHNSON** | § | **IN THE _____ JUDICIAL** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **DISTRICT COURT OF** |
| **NATIONAL ASSOCIATION OF** | § | |
| **SECURITIES DEALERS, INC.** | § | |
| | § | |
| **Defendant** | § | **DALLAS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION AND DEMAND FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, BRIAN JOHNSON, and files this, PLAINTIFF'S ORIGINAL

PETITION AND DEMAND FOR JURY TRIAL, and in support hereof would respectfully show

unto this Court the following:

### I.

### PARTIES

1.     Plaintiff, Brian Johnson, is an individual who resides at 9431 Penny Lane, Irving,

Texas 75063.

2.     Defendant, National Association of Securities Dealers, Inc. (NASD), is a foreign

corporation organized under the laws of the State of Delaware, with its principle place of

business located at 1735 K Street NW, Washington, D.C., 20006.  NASD's national counsel,

Gibson, Dunn & Crutcher, L.L.P., 1050 Connecticut Avenue, N.W., Washington, D.C. 20036,

has agreed to accept service of process in lieu of formal summons. *See* Exhibit "A."

## II.

## VENUE

3.      Venue is proper in this County under a permissive venue provision.  Specifically, this suit is brought under the Texas Deceptive Trade Practices Act, which provides that such an action may be filed "only" in a county (1) in which venue is proper under Civil Practice & Remedies Code Chapter 15, or (2) where the defendant or its authorized agent solicited the transaction made the subject of this suit.  Venue is proper in this County under Texas Civil Practice & Remedies Code § 15.002(a)(1), as all or a substantial part of the events or omissions giving rise to the claim occurred in Dallas County.

## III.

## FACTS AND ALLEGATIONS

4.      In or around June of 2005, Plaintiff began a promising career at Ameriprise Financial, Inc. (Ameriprise), formerly known as American Express.  As a prerequisite to becoming a securities dealer for Ameriprise, Plaintiff needed a passing score on the Series 7 Exam.  The Series 7 Exam is a qualification examination formulated by the New York Stock Exchange (NYSE), administered to ensure that all potential securities dealers possess the knowledge, skill and ability necessary to perform the critical functions of a registered securities dealer.

5.      On September 20, 2005, Plaintiff took the Series 7 Exam at Prometric Test Centers, 2300 Airport Freeway, Clockwater Walkway Suite 235, Bedford/Ft. Worth, Texas 76022.  Upon completion of the Exam, Plaintiff resumed his sponsorship at Ameriprise in anticipation of his Series 7 Exam results.

6.      In order to pass the Series 7 Exam, Plaintiff needed a score of at least seventy percent (70%).  Immediately after taking the Series 7 Exam, NASD informed Plaintiff that he received a failing score of sixty-nine percent (69%).  NASD subsequently posted the failing score for public view.

7.      Even though Plaintiff, Plaintiff's friends and family, Plaintiff's employer and virtually any person with access to a computer were informed Plaintiff failed the Series 7 Exam, on January 23, 2006, NASD informed Plaintiff that he actually passed the Series 7 Exam, *to wit*:

> I am writing to inform you of a scoring issue that affected the outcome of the Series 7 examination administered to you on September 20, 2005.  NASD has determined that a software error introduced into the automated scoring mechanism for the Series 7 exam affected a limited subset of individuals who sat for the exam between October 2004 and December 2005…Your examination result was among those affected, and you should have received a passing score.

*See* Exhibit "B".

8.      As a result of NASD erroneously informing Plaintiff, Ameriprise and the general public that Plaintiff failed his Series 7 Exam, Plaintiff eventually lost his Ameriprise sponsorship and any chance at becoming a salaried Ameriprise employee.  Plaintiff's personal relationships, personal health and self-confidence were also irreparably damaged by NASD's inexcusable neglect.

## IV.

## CAUSES OF ACTION

### A.    Count I- DTPA

9.      Plaintiff is a consumer under the Texas Deceptive Trade Practices Act because Plaintiff is an individual who sought or acquired services by purchase from NASD.

10.     NASD violated the Texas Deceptive Trade Practices Act by engaging in false, misleading or deceptive acts or practices that Plaintiff relied on to his detriment. Specifically, NASD accepted the responsibility of administering and scoring Plaintiff's Series 7 Exam with the knowledge of a potential "scoring issue" that could, and in fact did, prevent Plaintiff from achieving the proper result on his Series 7 Exam. NASD knew, or should have known, of this "scoring issue" as far back as October of 2004, yet nonetheless chose to administer and score Plaintiff's Series 7 Exam in September of 2005 using the same defective software. NASD failed to disclose information concerning NASD's ability to properly score Plaintiff's Series 7 Exam, which was known at the time of NASD's transaction with Plaintiff, and such failure to disclose said information was intended to induce Plaintiff into a transaction into which Plaintiff would not have entered had the information been disclosed.

11.     NASD also violated the Texas Deceptive Trade Practices Act by engaging in an unconscionable action or course of action, which to Plaintiff's detriment, took advantage of Plaintiff's lack of knowledge, ability, experience, or capacity to a grossly unfair degree. Specifically, NASD administered the Series 7 Exam to Plaintiff in September of 2005 when NASD knew, or should have known, of an admitted "scoring issue" that affected Exam scores as far back as October of 2004. Plaintiff took the Series 7 Exam, and relied on NASD's ability to properly score his Exam, without knowledge that this "scoring issue" could potentially affect Plaintiff's Series 7 Exam results.

12.     NASD's conduct was the producing cause of Plaintiff's injuries, as outlined *infra*.

**B.      Count II- Breach of Contract**

13.     Plaintiff hereby incorporates the facts and allegations contained in the preceding paragraphs as if fully set forth herein.

14. A valid, enforceable contract was created when Plaintiff registered to take the Series 7 Exam and tendered the appropriate Exam fee to NASD.

15. Plaintiff, as a party to the contract, has standing to sue for breach of the contract between Plaintiff and NASD.

16. The contractual agreement between Plaintiff and NASD provided that Plaintiff would take the Series 7 Exam, and either expressly or implicitly provided that NASD would score Plaintiff's Exam correctly.

17. Plaintiff performed his contractual obligations.

18. NASD failed to perform its contractual obligations, thereby breaching said contractual agreement by incorrectly scoring Plaintiff's Series 7 Exam.

19. NASD's breach caused Plaintiff's injuries, as outlined *infra*.

**C.    Count III- Negligence**

20. Plaintiff hereby incorporates the facts and allegations contained in the preceding paragraphs as if fully set forth herein.

21. By agreeing to administer Plaintiff's Series 7 Exam, and by accepting money for scoring Plaintiff's Series 7 Exam, NASD owed Plaintiff a duty to properly score the Exam.

22. NASD breached its duty to Plaintiff when NASD failed to properly score Plaintiff's Exam, thereby erroneously informing Plaintiff and the general public that Plaintiff failed the Series 7 Exam when in fact, Plaintiff actually passed the Exam.

23. NASD's breach proximately caused Plaintiff's injuries, as outlined *infra*.

**D.    Count IV- Gross Negligence**

24. Plaintiff hereby incorporates the facts and allegations contained in the preceding paragraphs as if fully set forth herein.

25.    When viewed objectively from NASD's standpoint at the time NASD scored Plaintiff's Exam, NASD's failure to properly score and/or administer Plaintiff's Series 7 Exam involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others.

26.    As NASD permitted the incorrect scoring of Series 7 Exams for almost one year prior to administering the Exam to Plaintiff, NASD had actual, subjective awareness of the risk that Plaintiff's Exam would be incorrectly scored, but nevertheless proceeded with a conscious indifference to Plaintiff's rights, safety and/or welfare.

27.    As a result, Plaintiff is entitled to recover exemplary and/or punitive damages for NASD's grossly negligent conduct.

E.    **Count V- Negligent Misrepresentation**

28.    Plaintiff hereby incorporates the facts and allegations contained in the preceding paragraphs as if fully set forth herein.

29.    NASD represented to Plaintiff that Plaintiff failed the Series 7 Exam in the course of NASD's business, in a transaction in which NASD had an interest.

30.    As is evidenced by attached Exhibit "B", NASD admitted that the original score provided to Plaintiff was incorrect.  However, before informing Plaintiff of the "scoring issue" responsible for said incorrect score, NASD supplied the false information for the guidance of all of Plaintiff's potential employers, and any other interested individual.

31.    NASD did not exercise reasonable care or competence in obtaining or communicating Plaintiff's incorrect Exam score.

32.    Plaintiff and others justifiably relied on NASD's misrepresentation, and NASD's negligent misrepresentation proximately caused Plaintiff's damages, as outlined *infra*.

**F.      Count VI- Tortious Interference with Prospective Relations**

33.     Plaintiff hereby incorporates the facts and allegations contained in the preceding paragraphs as if fully set forth herein.

34.     If NASD properly scored Plaintiff's Series 7 Exam, there existed at the very least a reasonable probability that Plaintiff would have entered into a business relationship with Ameriprise.

35.     NASD intentionally interfered with Plaintiff's business relationship with Ameriprise by publishing an erroneous result to Plaintiff's Series 7 Exam.

36.     NASD's conduct was independently tortious and/or unlawful, and proximately caused Plaintiff's injury, resulting in actual damage or loss, as outlined *infra*.

**G.      Count VII- Defamation**

37.     Plaintiff hereby incorporates the facts and allegations contained in the preceding paragraphs as if fully set forth herein.

38.     NASD published Plaintiff's incorrect Series 7 Exam score by making said incorrect score available to Ameriprise and the general public through various search engines sponsored by NASD.

39.     The incorrect Exam score referred directly to Plaintiff.

40.     The incorrect Exam score was defamatory in that it injured Plaintiff's reputation, thereby exposing Plaintiff to public contempt or ridicule, causing Plaintiff financial injury, and compromising Plaintiff's integrity and/or virtue.

41.     As evidenced by Exhibit "B", Plaintiff's erroneous Exam score was false and was made negligently by NASD.

42.     Plaintiff suffered pecuniary injury as a result of Defendant publishing Plaintiff's erroneous Series 7 Exam score, as outlined *infra*.

**V.**

**DAMAGES**

**A.     Count I- DTPA**

43.     Because NASD acted knowingly and/or intentionally, Plaintiff is entitled to recover treble damages under the Texas Deceptive Trade Practices Act, Texas Business Commerce Code §17.50(b)(1).

44.     NASD's conduct was the producing cause of economic damages incurred by Plaintiff, including, but not limited to, loss of salary, bonuses and incurrence of personal debt.

45.     NASD's conduct was also the producing cause of mental anguish suffered by Plaintiff, for which Plaintiff is also entitled to recover damages. At the time NASD released Plaintiff's incorrect Series 7 Exam score, NASD had actual awareness of the falsity, deception and/or unfairness of administering and/or scoring Plaintiff's Series 7 Exam at a time when the Exam scoring system was faulty. In addition, NASD had specific intent that Plaintiff act in detrimental reliance on the falsity or deception, or in detrimental ignorance of the unfairness.

**B.     General Damages**

46.     NASD's conduct irreparably damaged Plaintiff's reputation. Plaintiff's personal relationships and health have suffered. Moreover, Plaintiff's credibility was forever tainted at such a crucial stage of his career, and he will never be able to build that initial book of business that most first-year stockbrokers concretize in the initial stages of their careers.

**C.    Economic Damages**

47.    NASD's conduct also caused Plaintiff specific, economic damages, including, but not limited to, loss of salary and sign-on bonuses due to Plaintiff's loss of Ameriprise as a sponsoring firm, and the incurrence of personal debt as a result of his inability to pay living and household expenses.

## VI.

### ATTORNEY'S FEES

48.    Plaintiff is entitled to recover reasonable and necessary attorney's fees under Texas Business and Commerce Code §17.50(d) and Texas Civil Practice and Remedies Code §38.001(8).

## VII.

### NOTICE AND CONDITIONS PRECEDENT

49.    Plaintiff gave NASD notice as required by Texas Business and Commerce Code §17.505(a).  Attached as Exhibit "C" is a copy of the notice letter sent to Defendant, which is incorporated by reference herein.

## VIII.

### DEMAND FOR JURY

50.    Plaintiff demands a trial by jury of all aforementioned issues, and tenders the appropriate fee with this Complaint.

## IX.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Brian Johnson, hereby respectfully requests that this Court order that Defendant, National Association of Securities

Dealers, Inc., be cited to appear and answer Plaintiff's Original Complaint and Demand for Jury

Trial, and, upon hearing the merits of Plaintiff's case, award Plaintiff the following:

a.  Mental anguish damages;

b.  Specific and/or economic damages;

c.  Exemplary and/or punitive damages;

d.  Treble damages;

e.  Attorney's fees;

f.  Prejudgment and postjudgment interest;

g.  Costs of suit;

h.  Any other relief, at law or equity, to which Plaintiff may prove himself justly

entitled.

Respectfully submitted,

Jason L. Horton
Texas State Bar No. 24041130

Mark C. Burgess
Texas State Bar No. 00783755

**CRISP, BOYD, POFF,**
**SCHUBERT & BURGESS L.L.P.**
2301 Moores Lane
P. O. Box 6297
Texarkana, Texas  75505-6297
Telephone:  903-838-6123
Facsimile:  903-832-8489

Attorneys for Plaintiff, Brian Johnson

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of June, 2006, a true and correct copy of the above and foregoing Plaintiff's Original Petition and Demand for Jury Trial was forwarded to attorney of record for National Association of Securities Dealers, Inc. (NASD) by certified United States Mail #91 7108 2133 3931 5989 5072, return receipt requested, correct postage prepaid and properly addressed as follows:

> William M. Jay
> Joseph F. Warin
> Gibson, Dunn & Crutcher LLP
> 1050 Connecticut Avenue, N.W.
> Washington, DC 20036

Jason L. Horton

# Exhibit "A"

## Jason Horton

**From:**    Jay, William M. [WJay@gibsondunn.com]
**Sent:**    Tuesday, May 30, 2006 2:13 PM
**To:**      jhorton@cbplaw.com
**Cc:**      Warin, F. Joseph
**Subject:** NASD/Series 7

Dear Mr. Horton:

Per our discussion earlier today: It appears that my client, the NASD, received your notice letter on March 29, 2006.

If you wish to discuss the matter further, you can feel free to call me or Joe Warin, a partner in this office (who can be reached at 202-887-3609).  If your client, Mr. Johnson, is intent on pursuing an individual lawsuit, you may direct a request for waiver of formal service to me or Joe, and we will be glad to oblige.

My contact information appears below.

William M. Jay
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036
Direct Dial: (202) 955-8256
Direct Fax: (202) 530-9553
wjay@gibsondunn.com

"MMS <Gibsondunn.net>" made the following annotations.
--------------------------------------------------------------------------

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.
==========================================================================

# Exhibit "B"



January 23, 2006


BRIAN JOHNSON
9431 PENNY LANE
IRVING, TX 75063


Dear BRIAN JOHNSON:

I am writing to inform you of a scoring issue that affected the outcome of the Series 7 examination administered to you on September 20, 2005. NASD has determined that a software error introduced into the automated scoring mechanism for the Series 7 exam affected a limited subset of individuals who sat for the exam between October 2004 and December 2005. Some candidates received a failing grade erroneously. The error, which affected only exams with scores on the edge of the pass/fail line, caused some test takers to score just below the minimum passing grade. Your examination result was among those affected, and you should have received a passing score.

We have enclosed your correct score report and have posted your passing score to your CRD record. We also have removed all corresponding information on CRD related to the erroneous score. Your sponsoring firm has already been notified of your passing score, and we have reimbursed your firm for any examination fees that it incurred because of the need to re-test. If you are not currently affiliated with an NASD member firm, you have until February 1, 2008 to re-affiliate without having to take the Series 7 examination. If you are still affiliated with an NASD member firm, please contact your registration department to confirm your status and determine if there are any remaining requirements necessary for you to obtain your approved registration with NASD, other SROs, and states.

If you have rescheduled, or planned to reschedule, the Series 7 exam since the date of the incorrectly graded exam, you may have incurred certain out-of-pocket expenses as a result of the software grading error. We will defray expenses that you directly incurred in re-taking the Series 7 examination. Specifically, we will reimburse you for the demonstrable costs of re-testing including outside training courses and materials, and for travel expenses directly related to re-taking the examination. If you would like to request reimbursement, please go to our website and submit the expense reimbursement form to NASD with copies of your receipts, processed checks, or credit card statements. Please refer to www.nasd.com/s7expenseform for instructions.

We at NASD sincerely regret the error occurred and apologize for any problems it may have caused you. If you or your firm has any questions or concerns, we encourage you to contact us at 301-987-2100.


Investor protection. Market Integrity.        9509 Key West Avenue        tel 301 590 6500
                                              Rockville, MD                www.nasd.com
                                              20850-3329

# Exhibit "C"



**J. DAVID CRISP**
BOARD CERTIFIED • PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION
BOARD CERTIFIED • CIVIL TRIAL ADVOCACY
NATIONAL BOARD OF TRIAL ADVOCACY

**JACK N. BOYD, JR.**
BOARD CERTIFIED • PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

**FRANKLIN A. POFF, JR.**

**· BILL SCHUBERT**
BOARD CERTIFIED • PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

**MARK C. BURGESS**
BOARD CERTIFIED • PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

**MINOR W. (TREY) DAVIS, III**

**JASON L. HORTON**

*Of Counsel*
**RANDALL D. GOODWIN**

**DAVID P. COTTEN**
BOARD CERTIFIED • PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

**ATTORNEYS LICENSED TO
PRACTICE IN TEXAS & ARKANSAS
STATE AND FEDERAL COURTS**

**OFFICE ADMINISTRATOR**
DEBORAH G. MCENTIRE

# CRISP, BOYD, POFF,
## SCHUBERT & BURGESS, L.L.P.
### ATTORNEYS AT LAW
*A Registered Limited Liability Partnership*

2301 MOORES LANE • POST OFFICE BOX 6297
TEXARKANA, TEXAS 75505-6297
TELEPHONE: 903/838-6123 • FACSIMILE: 903/832-8489
*www.cbplaw.com*

March 27, 2006

CORPORATE CREATIONS NETWORK, INC.
As Registered Agent for:
National Association of Securities Dealers, Inc.
6750 West Loop South #500
Bellaire, Texas 6750 77401-4112

Re: ***Pre-suit Notice of Brian Johnson's Claims
and Damages Resulting from Series 7 Exam
Scoring Error***

To Whom It May Concern:

This letter is sent to you in your capacity as the registered agent for National Association of Securities Dealers, Inc. PLEASE FORWARD THIS LETTER TO THE PROPER REPRESENTATIVE OF NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC. IF YOU ARE NO LONGER THE REGISTERED AGENT FOR NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC., PLEASE READ NO FURTHER AND EMAIL ME AT jhorton@cbplaw.com INDICATING THAT YOU ARE NO LONGER THE REGISTERED AGENT FOR NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC. Once this letter has been accepted by the proper representative of National Association of Securities Dealers, Inc., I will thank that representative to email me at the aforementioned address evidencing his/her receipt of this letter.

As you are aware, several class action lawsuits have been filed against you regarding a Series 7 exam scoring error affecting roughly 1882 test takers that sat for the Series 7 between October 2004 and December 2005. Please allow this letter to serve as notice of my client, Brian Johnson's claims against you under the Texas Deceptive Trade Practices Act, Texas Business Commerce Code § 17.41 *et seq*, and for attorneys' fees under Texas Civil Practices and Remedies Code Section 38.001 *et. seq*. This letter shall also serve as a pre-suit demand letter for damages resulting from your other violations of Texas law, as specified by the facts stated herein.

Case 3:06-cv-01551-B Document 3-4 Filed 07/29/2006 Page 27 of 69

On September 20, 2005, you administered the Series 7 exam to my client at Prometric Test Centers, 2300 Airport Freeway, Clocktower Walkway Suite 235, Bedford/Ft.Worth, Texas, 76022. Immediately thereafter, you informed my client that he received a failing score of 69% on the Series 7 exam. However, as you are now aware, this score was incorrect, and my client actually passed the Series 7 exam on September 20, 2005. Said assertion was admitted by you on January 23, 2006, as indicated by the attached letter. According to your letter, you claim that a software error introduced into the automated scoring mechanism for the Series 7 exam affected a limited subset of individuals who sat for the Series 7 exam between October 2004 and December 2005.

To say this alleged software error "affected" my client is an understatement. At the time my client sat for the September 20, 2005 Series 7 exam, he had begun a promising career with Ameriprise Financial, formally known as American Express Financial Advisors, Inc. Ameriprise Financial was my client's Series 7 exam sponsoring firm. If my client's Series 7 exam would have been scored properly, my client stood to earn a full-time position at Ameriprise Financial- an employment opportunity with a possible starting salary of $55,000.00, plus a $2,000.00 sign-on bonus. However, as you know, my client's Series 7 exam was not scored properly, and my client eventually lost his Ameriprise Financial sponsorship.

My client also suffered other economic damages as a result of your failure to properly administer and/or score the Series 7 exam. My client's life ambition of becoming a stockbroker was placed on hold, and my client was forced to take an unrelated sales position to make ends meet. However, the ends never actually "met," causing my client to incur thousands of dollars in credit card charges and interest, in addition to taking loans from his parents to help pay bills.

Not only did my client suffer economically, my client also suffered mentally. His relationships and health suffered. My client's reputation was forever tainted at such a crucial stage of his career, and he would never build that initial book of business that most first-year stockbrokers concretize in the initial stages of their careers. My client's credibility has been forever damaged.

My client has incurred economic damages totaling roughly $79,000.00 as a result of your defective services and your ineffective attempts to correct your mistakes. My client's economic damages include, but are not limited to, the following:

| | | |
|---|---|---|
| a. | Lost employment with Ameriprise Financial | $55,000 |
| b. | Lost sign-on bonus | $2,000 |
| c. | Expenses incurred in retaking Series 7 | $2,000 |
| d. | Credit card charges and interest | $10,000 |
| e. | Loans from parents for living expenses | $10,000 |

March 27, 2006
NASD
Page 3 of 3

       In addition, because your conduct was committed knowingly, my client is
claiming mental anguish damages of $100,000.00, and treble economic damages of
three times his economic damages, in the amount of $237,000.00. Moreover, if and
when my client proves your conduct was intentional, my client will be entitled to treble
economic and mental anguish damages totaling $537,000.00. However, in the spirit of
compromise, my client has expressed a willingness to accept $400,000.00 as a full and
final settlement of all claims against you. If you do not tender the stated amount to my
client within sixty (60) days of receipt of this notice, my client will file suit against you
and seek the maximum recovery listed above, plus reasonable attorney's fees as
allowed by the Texas Civil Practice and Remedies Code § 38.001 et seq.

       Thank you for your attention to these matters, and I hope we can work together
toward an amicable settlement of my client's claims. I look forward to your timely
response.

       Kindest regards.

                                    Sincerely,

                                    Jason L. Horton

       JLH/anw
       1176.000
       Enclosure


       cc:    Brian Johnson
              Mark Burgess

Inventors

# How To Understand And Use Copyright Protection

From Mary Bellis,
Your Guide to Inventors.
FREE Newsletter. Sign Up Now!
A copyright protects your intellectual property so that no one can legally copy your creative expressions. Understand and use copyright protection correctly to protect your artistic expressions. Copyright literally means the right to copy.
**Difficulty:** Average
**Time Required:** Ongoing

## Here's How:

1. A copyright is a form of intellectual property law that provides protection for original works of authorship including literary, dramatic, musical, and artistic works. Copyrights protect poems, novels, movies, songs, computer software, and architecture.
2. Copyright protection is available to both published and unpublished works.
3. Copyright protection does not protect the same things as a patent or trademark would. Copyright protection does not protect facts, ideas, systems, or methods of operation, although it may protect the way these things are expressed.
4. Your work is under copyright protection the moment it is created and fixed in a tangible form so that it is perceptible either directly or with the aid of a machine or device.
5. Copyright protection apply to any works 'whether or not' the materials are officially copyrighted meaning registered with the U.S. Copyright Office.
6. Registering copyrights with the U S Copyright Office will help if there is a legal dispute.
7. You can download the forms needed to register from the Copyright Office. Registering a copyright is inexpensive, around thirty dollars  It takes about two months for the Office to process your registration.
8. Your work is protected with or without a copyright notice on it. The notice might help to deter copyright infringment. You can put a copyright notice immediately on your work without registering.
9. The copyright notice includes the symbol ©, the year the work was finished and the author's name. It should look like this example: © 2000 Your Name. All Rights Reserved  Use a "P" in the center of the circle for phonorecords.
10. Only the copyright owner or someone authorized by the owner has the right to reproduce the work in copies or phonorecords or to create derivative works based on the works.
11. Only the copyright owner or someone authorized by the owner has the right to distribute copies or phonorecords to the public by sale, rental or lease.
12. Only the copyright owner or someone authorized by the owner can perform the work publicly, display the work publicly or as in the case of sound recordings perform the work publicly via digital audio transmissions.
13. A copyright today would provide the protection and exclusive rights, lasting the life of the author plus seventy years.

## Tips:

1. You cannot copyright works that have not been fixed in a tangible form of expression. You cannot copyright titles, names, slogans, or familiar symbols. You cannot copyright works derived entirely from public domain information or common knowledge.
2. Works for hire means being hired or under contract to someone to create works (i.e  hired to design a website or logo). In that case the person that hired/contracted you becomes the copyright owner and holds copyright protection rights.

More How To's from your Guide To Inventors

Important disclaimer information about this About site.

Bookmark | XML | MY YAHOO!

Our Story | Be a Guide | Advertising Info | News & Events | Work at About | Site Map | Reprints | Help
User Agreement | Ethics Policy | Patent Info. | Privacy Policy | Kids' Privacy Policy

©2006 About, Inc., A part of The New York Times Company. All rights reserved.

**AA.com FAQs**                                           **CLOSE WINDOW**

Contact AA

**Alphabetical Index**

· AA Vacations

⊟ AA com Web Services
    · **AA.com Web Services**
    · Password Help

⊞ AAdvantage®

· AAirpass®

· Admirals Club®

⊞ American Airlines Publishing

· AmericanAirlines Credit Card[SM]

· AmericanAirlines Incentive TrAAvel® Products

· AmericanAirlines UATP Program

· Business ExtrAA® Program

· C R Smith Museum

· Cargo & Priority Parcel Service

· Customer Relations

· Delayed Baggage

· Duty Free

· Group & Meeting Travel [SM]

· Human Resources

⊞ Refunds

⊞ Reservations

## AA.com Web Services

**Phone:**

US or Canada
1-800-222-2377
6 00 a.m. - 2.00 a.m. CT daily

United Kingdom
08-45-601-0619
8 30 a m - 5 00 p m GMT
Mon - Fri
Closed Sat - Sun

All Other Locations
1-918-832-1384
6.00 a.m. - 2 00 a m CT daily

**Forgot/Need Password?**

Email AA.com Web Services
Email Password Support

**Contact For:**

- Website Booking/Password Assistance

- Website Navigation

- Website Technical Support

- Website Comments & Questions

- Lowest Fare Guarantee

Take the AA.com Site Tour.



Our Lowest Fare
**Guarantee**
Only at AA.com

AA com Lowest Fare
Guarantee Request Form

**AA.com FAQs**                                           **CLOSE WINDOW**



AVERY™

RECYCLED PAPER MADE FROM 20% POST CONSUMER CONTENT

AVERY ™

RECYCLED PAPER MADE FROM 20% POST-CONSUMER CONTENT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

BRIAN JOHNSON,

      Plaintiff,

      v.

NATIONAL ASSOCIATION OF
SECURITIES DEALERS, INC.,

      Defendant.

CIVIL ACTION NO. _____

## INDEX OF ALL DOCUMENTS FILED IN STATE COURT ACTION

      In accordance with Local Rule 81.1(a)(3), an index of all documents filed in *Brian Johnson*

*v. National Association of Securities Dealers, Inc.*, Cause No. DC-06-06520, in the 44th Judicial

District Court of Dallas County, Texas, is as follows:

      1.  Plaintiff's Original Petition and Demand for Jury Trial, file-stamped July 5, 2006

          (with accompanying transmittal letter).

AVERY™

RECYCLED PAPER MADE FROM 20% POST CONSUMER CONTENT

# CASE SUMMARY
## CASE NO. DC-06-06520

| | | |
|---|---|---|
| **BRIAN JOHNSON**<br>vs.<br>**NATIONAL ASSOCIATION OF SECURITIES DEALERS INC** | §<br>§<br>§<br>§<br>§ | Location: **44th District Court**<br>Judicial Officer: **KELTON, DAVID**<br>Filed on: **07/05/2006** |

---

### CASE INFORMATION

Case Type: **COMMERCIAL DISPUTE**
Sub Type: **CONSUMER/DTPA**

---

### PARTY INFORMATION

*Lead Attorneys*

| | | |
|---|---|---|
| **DEFENDANT** | **NATIONAL ASSOCIATION OF SECURITIES DEALERS INC** | |
| **PLAINTIFF** | **JOHNSON, BRIAN** | **HORTON, JASON L.**  903-838-6123 |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 07/05/2006 | ORIGINAL PETITION (OCA) | |
| 07/05/2006 | JURY DEMAND (OCA)<br><br>PLAINTIFF JOHNSON, BRIAN | *Vol./Book j23,<br>Page37, 1 pages* |

---

| DATE | FINANCIAL INFORMATION | | |
|---|---|---|---|
| | **PLAINTIFF** JOHNSON, BRIAN<br>Total Charges<br>Total Payments and Credits<br>**Balance Due as of  7/19/2006** | | 247.00<br>247.00<br>**0.00** |
| 07/12/2006<br>07/12/2006<br>07/12/2006 | Charge<br>Charge<br>PAYMENT      Receipt # 41275-2006-DCLK<br>(CASE FEES) | PLAINTIFF JOHNSON, BRIAN<br>PLAINTIFF JOHNSON, BRIAN<br>PLAINTIFF JOHNSON, BRIAN | 217.00<br>30.00<br>(247.00) |

*Printed on 07/19/2006 at 2.29 PM*

3



# CRISP, BOYD, POFF,
## SCHUBERT & BURGESS, L.L.P.
### ATTORNEYS AT LAW
*A Registered Limited Liability Partnership*

2301 MOORES LANE • POST OFFICE BOX 6297
TEXARKANA, TEXAS 75505-6297
TELEPHONE: 903/838-6123 • FACSIMILE: 903/832-8489
*www.cbplaw.com*

**J. DAVID CRISP**
BOARD CERTIFIED • PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION
BOARD CERTIFIED • CIVIL TRIAL ADVOCACY
NATIONAL BOARD OF TRIAL ADVOCACY

**JACK N. BOYD, JR.**
BOARD CERTIFIED • PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

**FRANKLIN A. POFF, JR.**

**BILL SCHUBERT**
BOARD CERTIFIED • PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

**MARK C. BURGESS**
BOARD CERTIFIED • PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

**MINOR W. (TREY) DAVIS, III**

**JASON L. HORTON**

*OF COUNSEL*
**RANDALL D. GOODWIN**

**DAVID P. COTTEN**
BOARD CERTIFIED • PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

**ATTORNEYS LICENSED TO
PRACTICE IN TEXAS & ARKANSAS
STATE AND FEDERAL COURTS**

**OFFICE ADMINISTRATOR**
DEBORAH G. MCENTIRE

June 30, 2006

**B-44th**
06- 6520

***Via First Class Mail***
Mr. Jim Hamlin
Dallas County District Clerk
600 Commerce Street
1st Floor—Suite 103
Dallas, Texas 75202

Re: ***Brian Johnson v. National Association of Security
Dealers, Inc.***; Cause No. _____ in the District
Court of Dallas County, Texas.

Dear Mr. Hamlin:

Enclosed please find the Dallas County Civil District Court Cover
Sheet and the original and two (2) copies of Plaintiff's Original Petition and
Demand for Jury Trial. I would ask that you please file the Original Petition
with the records in your office and place your file-marked stamp upon both of
the extra copies and return to me in the self-addressed, stamped envelope
enclosed for your convenience.

Also enclosed is my firm's check in the amount of $247.00,
representing the civil filling fee of $217.00 and jury fee of $30.00. Formal
service is not necessary at this time.

If you have any questions or comments, please do not hesitate to
contact my office. Kindest regards.

Sincerely yours,

Jason L. Horton

JLH/anw
1176.000
Enclosures

cc: Mr. William M Jay
Mr. Mark C. Burgess
Mr. Brian Johnson

**ENTER DEMAND FOR JURY
JURY FEE PAID $30.00**
VOL J23 PG 37 PLTF DEF

CAUSE NO. 06-06520

| | | |
|---|---|---|
| **BRIAN JOHNSON** | § | IN THE B-44th JUDICIAL |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **DISTRICT COURT OF** |
| **NATIONAL ASSOCIATION OF** | § | |
| **SECURITIES DEALERS, INC.** | § | |
| | § | |
| **Defendant** | § | **DALLAS COUNTY, TEXAS** |

FILED

## PLAINTIFF'S ORIGINAL PETITION AND DEMAND FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, BRIAN JOHNSON, and files this, PLAINTIFF'S ORIGINAL PETITION AND DEMAND FOR JURY TRIAL, and in support hereof would respectfully show unto this Court the following:

### I.

### PARTIES

1.    Plaintiff, Brian Johnson, is an individual who resides at 9431 Penny Lane, Irving, Texas 75063.

2.    Defendant, National Association of Securities Dealers, Inc. (NASD), is a foreign corporation organized under the laws of the State of Delaware, with its principle place of business located at 1735 K Street NW, Washington, D.C., 20006.  NASD's national counsel, Gibson, Dunn & Crutcher, L.L.P., 1050 Connecticut Avenue, N.W., Washington, D.C. 20036, has agreed to accept service of process in lieu of formal summons.  *See* Exhibit "A."

## II.

## VENUE

3.      Venue is proper in this County under a permissive venue provision.  Specifically, this suit is brought under the Texas Deceptive Trade Practices Act, which provides that such an action may be filed "only" in a county (1) in which venue is proper under Civil Practice & Remedies Code Chapter 15, or (2) where the defendant or its authorized agent solicited the transaction made the subject of this suit.  Venue is proper in this County under Texas Civil Practice & Remedies Code § 15.002(a)(1), as all or a substantial part of the events or omissions giving rise to the claim occurred in Dallas County.

## III.

## FACTS AND ALLEGATIONS

4.      In or around June of 2005, Plaintiff began a promising career at Ameriprise Financial, Inc. (Ameriprise), formerly known as American Express.  As a prerequisite to becoming a securities dealer for Ameriprise, Plaintiff needed a passing score on the Series 7 Exam.  The Series 7 Exam is a qualification examination formulated by the New York Stock Exchange (NYSE), administered to ensure that all potential securities dealers possess the knowledge, skill and ability necessary to perform the critical functions of a registered securities dealer.

5.      On September 20, 2005, Plaintiff took the Series 7 Exam at Prometric Test Centers, 2300 Airport Freeway, Clockwater Walkway Suite 235, Bedford/Ft. Worth, Texas 76022.  Upon completion of the Exam, Plaintiff resumed his sponsorship at Ameriprise in anticipation of his Series 7 Exam results.

6.    In order to pass the Series 7 Exam, Plaintiff needed a score of at least seventy percent (70%). Immediately after taking the Series 7 Exam, NASD informed Plaintiff that he received a failing score of sixty-nine percent (69%). NASD subsequently posted the failing score for public view.

7.    Even though Plaintiff, Plaintiff's friends and family, Plaintiff's employer and virtually any person with access to a computer were informed Plaintiff failed the Series 7 Exam, on January 23, 2006, NASD informed Plaintiff that he actually passed the Series 7 Exam, *to wit*:

> I am writing to inform you of a scoring issue that affected the outcome of the Series 7 examination administered to you on September 20, 2005. NASD has determined that a software error introduced into the automated scoring mechanism for the Series 7 exam affected a limited subset of individuals who sat for the exam between October 2004 and December 2005…Your examination result was among those affected, and you should have received a passing score.

*See* Exhibit "B".

8.    As a result of NASD erroneously informing Plaintiff, Ameriprise and the general public that Plaintiff failed his Series 7 Exam, Plaintiff eventually lost his Ameriprise sponsorship and any chance at becoming a salaried Ameriprise employee. Plaintiff's personal relationships, personal health and self-confidence were also irreparably damaged by NASD's inexcusable neglect.

## IV.

## CAUSES OF ACTION

**A.    Count I- DTPA**

9.    Plaintiff is a consumer under the Texas Deceptive Trade Practices Act because Plaintiff is an individual who sought or acquired services by purchase from NASD.

10.     NASD violated the Texas Deceptive Trade Practices Act by engaging in false, misleading or deceptive acts or practices that Plaintiff relied on to his detriment.  Specifically, NASD accepted the responsibility of administering and scoring Plaintiff's Series 7 Exam with the knowledge of a potential "scoring issue" that could, and in fact did, prevent Plaintiff from achieving the proper result on his Series 7 Exam.  NASD knew, or should have known, of this "scoring issue" as far back as October of 2004, yet nonetheless chose to administer and score Plaintiff's Series 7 Exam in September of 2005 using the same defective software.  NASD failed to disclose information concerning NASD's ability to properly score Plaintiff's Series 7 Exam, which was known at the time of NASD's transaction with Plaintiff, and such failure to disclose said information was intended to induce Plaintiff into a transaction into which Plaintiff would not have entered had the information been disclosed.

11.     NASD also violated the Texas Deceptive Trade Practices Act by engaging in an unconscionable action or course of action, which to Plaintiff's detriment, took advantage of Plaintiff's lack of knowledge, ability, experience, or capacity to a grossly unfair degree.  Specifically, NASD administered the Series 7 Exam to Plaintiff in September of 2005 when NASD knew, or should have known, of an admitted "scoring issue" that affected Exam scores as far back as October of 2004.  Plaintiff took the Series 7 Exam, and relied on NASD's ability to properly score his Exam, without knowledge that this "scoring issue" could potentially affect Plaintiff's Series 7 Exam results.

12.     NASD's conduct was the producing cause of Plaintiff's injuries, as outlined *infra*.

**B.     Count II- Breach of Contract**

13.     Plaintiff hereby incorporates the facts and allegations contained in the preceding paragraphs as if fully set forth herein.

14.  A valid, enforceable contract was created when Plaintiff registered to take the Series 7 Exam and tendered the appropriate Exam fee to NASD.

15.  Plaintiff, as a party to the contract, has standing to sue for breach of the contract between Plaintiff and NASD.

16.  The contractual agreement between Plaintiff and NASD provided that Plaintiff would take the Series 7 Exam, and either expressly or implicitly provided that NASD would score Plaintiff's Exam correctly.

17.  Plaintiff performed his contractual obligations.

18.  NASD failed to perform its contractual obligations, thereby breaching said contractual agreement by incorrectly scoring Plaintiff's Series 7 Exam.

19.  NASD's breach caused Plaintiff's injuries, as outlined *infra*.

## C.  Count III- Negligence

20.  Plaintiff hereby incorporates the facts and allegations contained in the preceding paragraphs as if fully set forth herein.

21.  By agreeing to administer Plaintiff's Series 7 Exam, and by accepting money for scoring Plaintiff's Series 7 Exam, NASD owed Plaintiff a duty to properly score the Exam.

22.  NASD breached its duty to Plaintiff when NASD failed to properly score Plaintiff's Exam, thereby erroneously informing Plaintiff and the general public that Plaintiff failed the Series 7 Exam when in fact, Plaintiff actually passed the Exam.

23.  NASD's breach proximately caused Plaintiff's injuries, as outlined *infra*.

## D.  Count IV- Gross Negligence

24.  Plaintiff hereby incorporates the facts and allegations contained in the preceding paragraphs as if fully set forth herein.

25.     When viewed objectively from NASD's standpoint at the time NASD scored Plaintiff's Exam, NASD's failure to properly score and/or administer Plaintiff's Series 7 Exam involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others.

26.     As NASD permitted the incorrect scoring of Series 7 Exams for almost one year prior to administering the Exam to Plaintiff, NASD had actual, subjective awareness of the risk that Plaintiff's Exam would be incorrectly scored, but nevertheless proceeded with a conscious indifference to Plaintiff's rights, safety and/or welfare.

27.     As a result, Plaintiff is entitled to recover exemplary and/or punitive damages for NASD's grossly negligent conduct.

**E.     Count V- Negligent Misrepresentation**

28.     Plaintiff hereby incorporates the facts and allegations contained in the preceding paragraphs as if fully set forth herein.

29.     NASD represented to Plaintiff that Plaintiff failed the Series 7 Exam in the course of NASD's business, in a transaction in which NASD had an interest.

30.     As is evidenced by attached Exhibit "B", NASD admitted that the original score provided to Plaintiff was incorrect. However, before informing Plaintiff of the "scoring issue" responsible for said incorrect score, NASD supplied the false information for the guidance of all of Plaintiff's potential employers, and any other interested individual.

31.     NASD did not exercise reasonable care or competence in obtaining or communicating Plaintiff's incorrect Exam score.

32.     Plaintiff and others justifiably relied on NASD's misrepresentation, and NASD's negligent misrepresentation proximately caused Plaintiff's damages, as outlined *infra*.

**F.     Count VI- Tortious Interference with Prospective Relations**

33.     Plaintiff hereby incorporates the facts and allegations contained in the preceding paragraphs as if fully set forth herein.

34.     If NASD properly scored Plaintiff's Series 7 Exam, there existed at the very least a reasonable probability that Plaintiff would have entered into a business relationship with Ameriprise.

35.     NASD intentionally interfered with Plaintiff's business relationship with Ameriprise by publishing an erroneous result to Plaintiff's Series 7 Exam.

36.     NASD's conduct was independently tortious and/or unlawful, and proximately caused Plaintiff's injury, resulting in actual damage or loss, as outlined *infra*.

**G.     Count VII- Defamation**

37.     Plaintiff hereby incorporates the facts and allegations contained in the preceding paragraphs as if fully set forth herein.

38.     NASD published Plaintiff's incorrect Series 7 Exam score by making said incorrect score available to Ameriprise and the general public through various search engines sponsored by NASD.

39.     The incorrect Exam score referred directly to Plaintiff.

40.     The incorrect Exam score was defamatory in that it injured Plaintiff's reputation, thereby exposing Plaintiff to public contempt or ridicule, causing Plaintiff financial injury, and compromising Plaintiff's integrity and/or virtue.

41.     As evidenced by Exhibit "B", Plaintiff's erroneous Exam score was false and was made negligently by NASD.

42.    Plaintiff suffered pecuniary injury as a result of Defendant publishing Plaintiff's erroneous Series 7 Exam score, as outlined *infra*.

**V.**

**DAMAGES**

**A.    Count I- DTPA**

43.    Because NASD acted knowingly and/or intentionally, Plaintiff is entitled to recover treble damages under the Texas Deceptive Trade Practices Act, Texas Business Commerce Code §17.50(b)(1).

44.    NASD's conduct was the producing cause of economic damages incurred by Plaintiff, including, but not limited to, loss of salary, bonuses and incurrence of personal debt.

45.    NASD's conduct was also the producing cause of mental anguish suffered by Plaintiff, for which Plaintiff is also entitled to recover damages.  At the time NASD released Plaintiff's incorrect Series 7 Exam score, NASD had actual awareness of the falsity, deception and/or unfairness of administering and/or scoring Plaintiff's Series 7 Exam at a time when the Exam scoring system was faulty.  In addition, NASD had specific intent that Plaintiff act in detrimental reliance on the falsity or deception, or in detrimental ignorance of the unfairness.

**B.    General Damages**

46.    NASD's conduct irreparably damaged Plaintiff's reputation.  Plaintiff's personal relationships and health have suffered.  Moreover, Plaintiff's credibility was forever tainted at such a crucial stage of his career, and he will never be able to build that initial book of business that most first-year stockbrokers concretize in the initial stages of their careers.

## C.    Economic Damages

47.    NASD's conduct also caused Plaintiff specific, economic damages, including, but not limited to, loss of salary and sign-on bonuses due to Plaintiff's loss of Ameriprise as a sponsoring firm, and the incurrence of personal debt as a result of his inability to pay living and household expenses.

### VI.

### ATTORNEY'S FEES

48.    Plaintiff is entitled to recover reasonable and necessary attorney's fees under Texas Business and Commerce Code §17.50(d) and Texas Civil Practice and Remedies Code §38.001(8).

### VII.

### NOTICE AND CONDITIONS PRECEDENT

49.    Plaintiff gave NASD notice as required by Texas Business and Commerce Code §17.505(a).  Attached as Exhibit "C" is a copy of the notice letter sent to Defendant, which is incorporated by reference herein.

### VIII.

### DEMAND FOR JURY

50.    Plaintiff demands a trial by jury of all aforementioned issues, and tenders the appropriate fee with this Complaint.

### IX.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Brian Johnson, hereby respectfully requests that this Court order that Defendant, National Association of Securities

Dealers, Inc., be cited to appear and answer Plaintiff's Original Complaint and Demand for Jury

Trial, and, upon hearing the merits of Plaintiff's case, award Plaintiff the following:

a.  Mental anguish damages;

b.  Specific and/or economic damages;

c.  Exemplary and/or punitive damages;

d.  Treble damages;

e.  Attorney's fees;

f.  Prejudgment and postjudgment interest;

g.  Costs of suit;

h.  Any other relief, at law or equity, to which Plaintiff may prove himself justly
    entitled.

Respectfully submitted,

Jason L. Horton
Texas State Bar No. 24041130

Mark C. Burgess
Texas State Bar No. 00783755

**CRISP, BOYD, POFF,**
**SCHUBERT & BURGESS L.L.P.**
2301 Moores Lane
P. O. Box 6297
Texarkana, Texas  75505-6297
Telephone:  903-838-6123
Facsimile:   903-832-8489

Attorneys for Plaintiff, Brian Johnson

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of June, 2006, a true and correct copy of the above and foregoing Plaintiff's Original Petition and Demand for Jury Trial was forwarded to attorney of record for National Association of Securities Dealers, Inc. (NASD) by certified United States Mail #91 7108 2133 3931 5989 5072, return receipt requested, correct postage prepaid and properly addressed as follows:

> William M. Jay
> Joseph F. Warin
> Gibson, Dunn & Crutcher LLP
> 1050 Connecticut Avenue, N.W.
> Washington, DC 20036

Jason L. Horton

# Exhibit "A"

## Jason Horton

| | |
|---|---|
| **From:** | Jay, William M. [WJay@gibsondunn.com] |
| **Sent:** | Tuesday, May 30, 2006 2:13 PM |
| **To:** | jhorton@cbplaw.com |
| **Cc:** | Warin, F. Joseph |
| **Subject:** | NASD/Series 7 |

Dear Mr. Horton:

Per our discussion earlier today: It appears that my client, the NASD, received your notice letter on March 29, 2006.

If you wish to discuss the matter further, you can feel free to call me or Joe Warin, a partner in this office (who can be reached at 202-887-3609). If your client, Mr. Johnson, is intent on pursuing an individual lawsuit, you may direct a request for waiver of formal service to me or Joe, and we will be glad to oblige.

My contact information appears below.

William M. Jay
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Direct Dial: (202) 955-8256
Direct Fax: (202) 530-9553
wjay@gibsondunn.com

"MMS <Gibsondunn.net>" made the following annotations.
--------------------------------------------------------------------------

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

# Exhibit "B"

**NASD**

January 23, 2006


BRIAN JOHNSON
9431 PENNY LANE
IRVING, TX 75063


Dear BRIAN JOHNSON:

I am writing to inform you of a scoring issue that affected the outcome of the Series 7 examination administered to you on September 20, 2005. NASD has determined that a software error introduced into the automated scoring mechanism for the Series 7 exam affected a limited subset of individuals who sat for the exam between October 2004 and December 2005. Some candidates received a failing grade erroneously. The error, which affected only exams with scores on the edge of the pass/fail line, caused some test takers to score just below the minimum passing grade. Your examination result was among those affected, and you should have received a passing score.

We have enclosed your correct score report and have posted your passing score to your CRD record. We also have removed all corresponding information on CRD related to the erroneous score. Your sponsoring firm has already been notified of your passing score, and we have reimbursed your firm for any examination fees that it incurred because of the need to re-test. If you are not currently affiliated with an NASD member firm, you have until February 1, 2008 to re-affiliate without having to take the Series 7 examination. If you are still affiliated with an NASD member firm, please contact your registration department and confirm your status and determine if there are any remaining requirements necessary for you to obtain your approved registration with NASD, other SROs, and states.

If you have rescheduled, or planned to reschedule, the Series 7 exam since the date of the incorrectly graded exam, you may have incurred certain out-of-pocket expenses as a result of the software grading error. We will defray expenses that you directly incurred in re-taking the Series 7 examination. Specifically, we will reimburse you for the demonstrable costs of re-testing including outside training courses and materials, and for travel expenses directly related to re-taking the examination. If you would like to request reimbursement, please go to our website and submit the expense reimbursement form to NASD with copies of your receipts, processed checks, or credit card statements. Please refer to www.nasd.com/s7expenseform for instructions.

We at NASD sincerely regret the error occurred and apologize for any problems it may have caused you. If you or your firm has any questions or concerns, we encourage you to contact us at 301-987-2100.


Investor protection. Market Integrity.

9509 Key West Avenue
Rockville, MD
20850-3329

tel 301 590 6500
www.nasd.com

# Exhibit "C"



**J. DAVID CRISP**
BOARD CERTIFIED • PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION
BOARD CERTIFIED • CIVIL TRIAL ADVOCACY
NATIONAL BOARD OF TRIAL ADVOCACY

**JACK N. BOYD, JR.**
BOARD CERTIFIED • PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

**FRANKLIN A. POFF, JR.**

**BILL SCHUBERT**
BOARD CERTIFIED • PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

**MARK C. BURGESS**
BOARD CERTIFIED • PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

**MINOR W. (TREY) DAVIS, III**

**JASON L. HORTON**

*OF COUNSEL*
**RANDALL D. GOODWIN**

**DAVID P. COTTEN**
BOARD CERTIFIED • PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

**ATTORNEYS LICENSED TO
PRACTICE IN TEXAS & ARKANSAS
STATE AND FEDERAL COURTS**

**OFFICE ADMINISTRATOR**
DEBORAH G. MCENTIRE

# CRISP, BOYD, POFF,
## SCHUBERT & BURGESS, L.L.P.
### ATTORNEYS AT LAW
*A Registered Limited Liability Partnership*

2301 MOORES LANE • POST OFFICE BOX 6297
TEXARKANA, TEXAS 75505-6297
TELEPHONE 903/838-6123 • FACSIMILE 903/832-8489
*www.cbplaw.com*

March 27, 2006

CORPORATE CREATIONS NETWORK, INC.
As Registered Agent for:
National Association of Securities Dealers, Inc.
6750 West Loop South #500
Bellaire, Texas 6750 77401-4112

Re:    ***Pre-suit Notice of Brian Johnson's Claims
and Damages Resulting from Series 7 Exam
Scoring Error***

To Whom It May Concern:

This letter is sent to you in your capacity as the registered agent for National Association of Securities Dealers, Inc.    PLEASE FORWARD THIS LETTER TO THE PROPER REPRESENTATIVE OF NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC. IF YOU ARE NO LONGER THE REGISTERED AGENT FOR NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC., PLEASE READ NO FURTHER AND EMAIL ME AT jhorton@cbplaw.com INDICATING THAT YOU ARE NO LONGER THE REGISTERED AGENT FOR NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC. Once this letter has been accepted by the proper representative of National Association of Securities Dealers, Inc., I will thank that representative to email me at the aforementioned address evidencing his/her receipt of this letter.

As you are aware, several class action lawsuits have been filed against you regarding a Series 7 exam scoring error affecting roughly 1882 test takers that sat for the Series 7 between October 2004 and December 2005.  Please allow this letter to serve as notice of my client, Brian Johnson's claims against you under the Texas Deceptive Trade Practices Act, Texas Business Commerce Code § 17.41 *et seq,* and for attorneys' fees under Texas Civil Practices and Remedies Code Section 38.001 *et. seq.* This letter shall also serve as a pre-suit demand letter for damages resulting from your other violations of Texas law, as specified by the facts stated herein.

On September 20, 2005, you administered the Series 7 exam to my client at Prometric Test Centers, 2300 Airport Freeway, Clocktower Walkway Suite 235, Bedford/Ft.Worth, Texas, 76022. Immediately thereafter, you informed my client that he received a failing score of 69% on the Series 7 exam. However, as you are now aware, this score was incorrect, and my client actually passed the Series 7 exam on September 20, 2005. Said assertion was admitted by you on January 23, 2006, as indicated by the attached letter. According to your letter, you claim that a software error introduced into the automated scoring mechanism for the Series 7 exam affected a limited subset of individuals who sat for the Series 7 exam between October 2004 and December 2005.

To say this alleged software error "affected" my client is an understatement. At the time my client sat for the September 20, 2005 Series 7 exam, he had begun a promising career with Ameriprise Financial, formally known as American Express Financial Advisors, Inc. Ameriprise Financial was my client's Series 7 exam sponsoringfirm. If my client's Series 7 exam would have been scored properly, my client stood to earn a full-time position at Ameriprise Financial- an employment opportunity with a possible starting salary of $55,000.00, plus a $2,000.00 sign-on bonus. However, as you know, my client's Series 7 exam was not scored properly, and my client eventually lost his Ameriprise Financial sponsorship.

My client also suffered other economic damages as a result of your failure to properly administer and/or score the Series 7 exam. My client's life ambition of becoming a stockbroker was placed on hold, and my client was forced to take an unrelated sales position to make ends meet. However, the ends never actually "met," causing my client to incur thousands of dollars in credit card charges and interest, in addition to taking loans from his parents to help pay bills.

Not only did my client suffer economically, my client also suffered mentally. His relationships and health suffered. My client's reputation was forever tainted at such a crucial stage of his career, and he would never build that initial book of business that most first-year stockbrokers concretize in the initial stages of their careers. My client's credibility has been forever damaged.

My client has incurred economic damages totaling roughly $79,000.00 as a result of your defective services and your ineffective attempts to correct your mistakes. My client's economic damages include, but are not limited to, the following:

| | | |
|---|---|---|
| a. | Lost employment with Ameriprise Financial | $55,000 |
| b. | Lost sign-on bonus | $2,000 |
| c. | Expenses incurred in retaking Series 7 | $2,000 |
| d. | Credit card charges and interest | $10,000 |
| e. | Loans from parents for living expenses | $10,000 |

March 27, 2006
NASD
Page 3 of 3

In addition, because your conduct was committed knowingly, my client is claiming mental anguish damages of $100,000.00, and treble economic damages of three times his economic damages, in the amount of $237,000.00. Moreover, if and when my client proves your conduct was intentional, my client will be entitled to treble economic _and_ mental anguish damages totaling $537,000.00. However, in the spirit of compromise, my client has expressed a willingness to accept $400,000.00 as a full and final settlement of all claims against you. If you do not tender the stated amount to my client within sixty (60) days of receipt of this notice, my client will file suit against you and seek the maximum recovery listed above, plus reasonable attorney's fees as allowed by the Texas Civil Practice and Remedies Code § 38.001 _et seq._

Thank you for your attention to these matters, and I hope we can work together toward an amicable settlement of my client's claims. I look forward to your timely response.

Kindest regards.

Sincerely,

Jason L. Horton

JLH/anw
1176.000
Enclosure


cc:   Brian Johnson
      Mark Burgess

4

AVERY™

RECYCLED PAPER MADE FROM 20% POST CONSUMER CONTENT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BRIAN JOHNSON,

        Plaintiff,

   v.

NATIONAL ASSOCIATION OF
SECURITIES DEALERS, INC.,

        Defendant.

CIVIL ACTION NO. _____

## CERTIFICATE OF INTERESTED PERSONS OF
## NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC.

Defendant National Association of Securities Dealers, Inc. ("NASD"), pursuant to Local Rule 3.1(f) and Local Rule 81.1(a)(3)(D), certifies to this Court that the following is a list of all persons, associations of persons, firms, partnerships, corporations, guarantors, insurers, affiliates, parent or subsidiary corporations, or other legal entities who or which are financially interested in the outcome of the case:

1) Brian Johnson, Plaintiff; and

2) National Association of Securities Dealers, Inc., Defendant.

DATE:  July 20, 2005.

Respectfully submitted,
GIBSON, DUNN & CRUTCHER LLP


By:_____
      Thomas C. McGraw
      State Bar No. 13653700
      TMcGraw@gibsondunn.com
      John Franklin Guild
      State Bar No. 24041022
      JGuild@gibsondunn.com

2100 McKinney Avenue, Suite 1100
Dallas, Texas 75201
Telephone: (214) 698-3133
Facsimile: (214) 571-2937

ATTORNEYS FOR NATIONAL ASSOCIATION
OF SECURITIES DEALERS, INC.

OF COUNSEL:
F. Joseph Warin
William M. Jay
Jennifer J. Schulp
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone:  (202) 955-9500
Fax:  (202) 467-0539

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Certificate of Interested Persons has

been served on counsel for Plaintiff, Brian Johnson, by first class mail, correct postage prepaid,

and by facsimile on this 20th day of July, 2006 as follows:

Jason L. Horton
Mark C. Burgess
CRISP, BOYD, POFF, SCHUBERT & BURGESS L.L.P.
2301 Moores Lane
Post Office Box 6297
Texarkana, Texas  75505-6297
Telephone:      903-838-6123
Facsimile:      903-832-8489

John Franklin Guild

AVERY™

RECYCLED PAPER MADE FROM 20% POST CONSUMER CONTENT

NO. 06-06520-B

| | |
|---|---|
| BRIAN JOHNSON, | IN THE DISTRICT COURT OF |
| Plaintiff, | |
| v. | DALLAS COUNTY, TEXAS |
| NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC., | |
| Defendant. | 44TH JUDICIAL DISTRICT |

## NOTICE OF FILING OF NOTICE OF REMOVAL

TO PLAINTIFF AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on July 20, 2006, Defendant National Association of Securities Dealers, Inc. ("NASD") filed with the United States District Court for the Northern District of Texas, Dallas Division, NASD's Notice of Removal of this action, a copy of which is attached as Exhibit 1 to this document, and that this action is removed to the United States District Court for trial as of today, July 20, 2006. NASD respectfully requests this Court to proceed no further in this action, unless and until the case is remanded. *See* 28 U.S.C. § 1446(d).

DATE: July 20, 2006

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: _____

　　Thomas C. McGraw
　　State Bar No. 13653700
　　TMcGraw@gibsondunn.com
　　John Franklin Guild
　　State Bar No. 24041022
　　JGuild@gibsondunn.com

2100 McKinney Avenue, Suite 1100
Dallas, Texas 75201

Telephone: (214) 698-3133
Facsimile: (214) 571-2937

ATTORNEYS FOR NATIONAL ASSOCIATION
OF SECURITIES DEALERS, INC.

OF COUNSEL:
F. Joseph Warin
William M. Jay
Jennifer J. Schulp
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 955-9500
Fax: (202) 467-0539

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Notice Of Filing Of Notice Of

Removal has been served on counsel for Plaintiff, Brian Johnson, by first class mail, correct postage

prepaid, and by facsimile on this 20th day of July, 2006 as follows:

    Jason L. Horton
    Mark C. Burgess
    CRISP, BOYD, POFF, SCHUBERT & BURGESS L.L.P.
    2301 Moores Lane
    Post Office Box 6297
    Texarkana, Texas 75505-6297
    Telephone:   903-838-6123
    Facsimile:   903-832-8489

John Franklin Guild

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Brian Johnson | National Association of Securities Dealers, Inc. |

RECEIVED
JUL 20 2006
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| **(b)** County of Residence of First Listed Plaintiff    Dallas, Texas | County of Residence of First Listed Defendant    Washington, D.C. |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

ORIGINAL

| **(c)** Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| See Attachment | See Attachment |

3 06 - CV1293-P

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332

Brief description of cause: suit seeks to hold defendant liable for misgrading an examination.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE       DOCKET NUMBER

DATE   7/20/06      SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #      AMOUNT      APPLYING IFP      JUDGE      MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

BRIAN JOHNSON,

      Plaintiff,

v.

NATIONAL ASSOCIATION OF
SECURITIES DEALERS, INC.,

      Defendant.

CIVIL ACTION NO. _____

## ATTACHMENT TO CIVIL COVER SHEET

| **Counsel for Plaintiff** | **Counsel for Defendant** |
|---|---|
| Jason L. Horton | Thomas C. McGraw |
| State Bar No. 24041130 | State Bar No. 13653700 |
| Mark C. Burgess | TMcGraw@gibsondunn.com |
| State Bar No. 00783755 | John Franklin Guild |
| CRISP, BOYD, POFF, SCHUBERT & | State Bar No. 24041022 |
| BURGESS L.L.P. | JGuild@gibsondunn.com |
| 2301 Moores Lane | GIBSON, DUNN & CRUTCHER LLP |
| Post Office Box 6297 | 2100 McKinney Avenue, Suite 1100 |
| Texarkana, Texas 75505-6297 | Dallas, Texas 75201 |
| Telephone: (903) 838-6123 | Telephone: (214) 698-3133 |
| Facsimile: (903) 832-8489 | Facsimile: (214) 571-2937 |
| | |
| ATTORNEYS FOR BRIAN JOHNSON | OF COUNSEL: |
| | F. Joseph Warin |
| | William M. Jay |
| | Jennifer J. Schulp |
| | GIBSON, DUNN & CRUTCHER LLP |
| | 1050 Connecticut Avenue, N.W. |
| | Washington, D.C. 20036 |
| | Telephone: (202) 955-9500 |
| | Fax: (202) 467-0539 |
| | |
| | ATTORNEYS FOR NATIONAL |
| | ASSOCIATION OF SECURITIES DEALERS, |
| | INC. |

# United States District Court
## Northern District of Texas

## Supplemental Civil Cover Sheet For Cases Removed
## From State Court

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.**

1. **State Court Information:**

   Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

   | **Court** | **Case Number** |
   | --- | --- |
   | 44th Judicial District of Dallas County, Texas | DC-06-06520 |

2. **Style of the Case:**

   Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code.)

   | **Party and Party Type** | **Attorney(s)** |
   | --- | --- |
   | See Attached | |

3. **Jury Demand:**

   Was a Jury Demand made in State Court?          Yes

   If "*Yes*," by which party and on what date?

   Plaintiff_____          July 5, 2006
   Party                                                                              Date

**Supplemental Civil Cover Sheet**
**Page 2**

4.    **Answer:**

Was an Answer made in State Court?            No

If "*Yes*," by which party and on what date?

_____            _____
Party                                                                         Date

5.    **Unserved Parties:**

The following parties have not been served at the time this case was removed:

| **Party** | **Reason(s) for No Service** |
|---|---|
| National Association of Securities Dealers, Inc. | Original Petition was sent directly to counsel. |

6.    **Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style on the State Court papers and the reason for that change:

| **Party** | **Reason** |
|---|---|
| None | |

7.    **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

| **Party** | **Claim(s)** |
|---|---|
| Brian Johnson | Texas Deceptive Trade Practices Act claim and various common-law claims for economic damages, mental anguish, and punitive damages, all related to an incorrect test score. |

**Attachment to Supplement Cover Sheet**

| Party | Counsel |
|---|---|
| Brian Johnson, Plaintiff | Jason L. Horton<br>State Bar No. 24041130<br>Mark C. Burgess<br>State Bar No. 00783755<br>CRISP, BOYD, POFF, SCHUBERT &<br>BURGESS L.L.P.<br>2301 Moores Lane<br>Post Office Box 6297<br>Texarkana, Texas  75505-6297<br>Telephone: (903) 838-6123<br>Facsimile: (903) 832-8489 |
| National Association of Securities Dealers, Inc., Defendant | Thomas C. McGraw<br>State Bar No. 13653700<br>TMcGraw@gibsondunn.com<br>John Franklin Guild<br>State Bar No. 24041022<br>JGuild@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>2100 McKinney Avenue, Suite 1100<br>Dallas, Texas 75201<br>Telephone: (214) 698-3133<br>Facsimile: (214) 571-2937<br><br>OF COUNSEL:<br>F. Joseph Warin<br>William M. Jay<br>Jennifer J. Schulp<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, D.C.  20036<br>Telephone:  (202) 955-9500<br>Fax:  (202) 467-0539 |