## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

BRIAN JOHNSON,

      Plaintiff,

  v.

NATIONAL ASSOCIATION OF
SECURITIES DEALERS, INC.,

      Defendant.

CIVIL ACTION NO. 3:06-CV-1293

ECF

### MEMORANDUM OF LAW IN SUPPORT OF NASD'S UNOPPOSED MOTION TO STAY PENDING A TRANSFER DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Defendant National Association of Securities Dealers, Inc. ("NASD"), respectfully requests that this Court temporarily stay all proceedings in the above-captioned action while the Judicial Panel on Multidistrict Litigation (the "MDL Panel") considers whether to transfer this case to the U.S. District Court for the District of Columbia for consolidation with more than a dozen cases already centralized in that district. Counsel for Plaintiff has authorized counsel for NASD to state that Plaintiff consents to this motion. Because counsel for Plaintiff is not yet admitted to practice in this Court and has not yet determined how best to comply with this Court's rules concerning attorneys not admitted to practice, the attached Proposed Order is submitted without the formal signature of Plaintiff's counsel. The parties agree that such a stay should not preclude Plaintiff from filing a motion to remand.

## I.       BACKGROUND

This is one of multiple lawsuits that have been filed against NASD and others in courts across the country, which the MDL Panel has begun to consolidate. All of the lawsuits relate to the grading of the Series 7 examination taken by securities representatives; NASD administers the examination on behalf of itself and other self-regulatory organizations in the securities

industry.  On January 6, 2006, NASD announced that it had discovered that a software error had affected the grading of the Series 7 examination during the period from October 2004 to December 2005.  During that time, 1882 examinations—out of the approximately 60,500 administered during this period—resulted in an incorrect failing score instead of a marginally passing score.  *See* NASD Says Software Error Impacts Certain Series 7 Exam Results (Jan. 6, 2006), available at http://www.nasd.com/PressRoom/NewsReleases/2006NewsReleases/NASDW_015832 (last visited July 27, 2006).

Several of the affected Series 7 candidates, including Plaintiff, have filed suit against NASD and others.  At present, NASD is aware of 17 such actions (including this one), of which 12 seek certification of a nationwide plaintiff class.  The cases overlap substantially; Plaintiff, for example, relies on a negligence theory (*see* Pl.'s Original Pet. ¶¶ 20-23) that appears in 14 of the 17 pending cases.  Plaintiff also relies on a breach of contract theory (*see id.* ¶¶ 13-19) that appears in 10 of the 17 pending cases.  Indeed, *all* of Plaintiff's common-law claims appear in other complaints.  And all 17 of the complaints allege substantively identical factual circumstances.

In light of the various lawsuits' substantial overlap, the MDL Panel has already ordered all litigation relating to the Series 7 scoring error to be consolidated in the U.S. District Court for the District of Columbia.  In a transfer order entered June 27, 2006, the Panel transferred the first nine Series 7 cases.  *In re Series 7 Broker Qualification Exam Scoring Litig.*, __ F. Supp. 2d __ (J.P.M.L. 2006), attached hereto as Exhibit 1, Appendix p. 4-7.  All Series 7 cases filed after briefing before the MDL Panel was completed, including this case, are subject to transfer by the Panel as "tag-along actions."  *See* Rule 1.1 of the Judicial Panel on Multidistrict Litigation ("A

'tag-along action' refers to a civil action pending in a district court and involving common questions of fact with actions previously transferred under Section 1407."); Rule 7.4 (providing that "tag-along actions" are subject to summary transfer).

The MDL Panel has been notified of this case, *see* Letter from William Jay to Judicial Panel on Multidistrict Litigation, attached hereto as Exhibit 2, Appendix p. 8-10, and likely will soon issue an order conditionally transferring this case to the U.S. District Court for the District of Columbia.  Plaintiff has not advised whether he will oppose the transfer.  If he does, the MDL Panel will decide the issue following a briefing period that would take at most six weeks from the date of the objection.  *See* Rules 7.2(c), (d), 7.4(d), (f) of the Judicial Panel on Multidistrict Litigation.  Accordingly, any stay entered in this case would be of brief duration.  Absent a stay, NASD's answer or other responsive pleading could be due July 27, 2006, five business days after removal.  *See* Fed. R. Civ. P. 81(c), 6(a).

## II.     CONSISTENT PRACTICE, BOTH IN GENERAL AND IN THE SERIES 7 LITIGATION, FAVORS A STAY.

Until any objections by Plaintiff to the MDL Panel's conditional transfer order are resolved, a stay of proceedings in this case is warranted to prevent the parties from expending "an excessive amount of time, money and energy" and save the Court from "the unnecessary waste of judicial resources if the MDL [transfer] is ultimately granted."  *U.S. Bank v. Royal Indem. Co.*, No. 3:02-CV-0853-P, 2002 WL 31114069, at *2 (N.D. Tex. Sept. 23, 2002) (Solis, J.).  In cases that implicate the multidistrict framework, a stay is not merely within the *power* of putative MDL transferor courts, but is the *favored* mechanism for managing duplicative litigation during the pendency of a motion to transfer before the MDL Panel.

Several other district courts in this same multidistrict litigation have already recognized as much.  Numerous other Series 7 lawsuits against NASD, including *all* of the actions listed in the MDL Panel's transfer order, were stayed by the transferor district courts pending a transfer decision by the MDL Panel.  *See* Stay Orders, attached hereto as Exhibit 3, Appendix p. 11-19.  These decisions are consistent with federal courts' repeated determinations that a "stay [of] preliminary proceedings while a motion to transfer . . . is pending with the MDL Panel" is the preferred management strategy of the "majority" of MDL transferor courts.  *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) (noting that a "majority of courts" favor a stay pending a decision on transfer by the MDL Panel).  This Court is part of that broad majority.  *See U.S. Bank,* 2002 WL 31114069, at *2 (granting a stay despite the other party's opposition); *see also, e.g.*, *Krieger v. Merck & Co.*, No. 05-CV-6338L, 2005 WL 2921640, at *2 (W.D.N.Y. Nov. 4, 2005) (staying proceedings because "the risk of hardship to [the defendant] of engaging in duplicative motion practice and discovery proceedings outweighs any prejudice that could potentially inure to [the plaintiff]," and because "[e]ntering a stay will also conserve judicial resources, one of the fundamental goals of multidistrict litigation practice"); *Bd. of Trs. of the Teacher's Ret. Sys. v. WorldCom, Inc.*, 244 F. Supp. 2d 900, 905-06 (N.D. Ill. 2002) (staying proceedings because the "interests of judicial economy and the threat of inconsistent rulings" outweighs prejudice from delay).

Plaintiff has represented that he may file a motion to remand.  NASD agrees that in light of the statutory deadline for filing certain remand motions, *see* 28 U.S.C. § 1447(c), Plaintiff should not be precluded by this agreed stay from filing such a motion.  NASD reserves the right, upon reviewing any remand motion, to advocate that the Court defer a ruling until the case is transferred.

4

### III. CONCLUSION

For the foregoing reasons, NASD respectfully requests that this Court stay all

proceedings in the above-captioned action, except as described herein concerning a motion to

remand, pending a determination by the Judicial Panel on Multidistrict Litigation concerning

whether this case should be transferred to the U.S. District Court for the District of Columbia.

Dated:  July 27, 2006

Respectfully submitted,
GIBSON, DUNN & CRUTCHER LLP


By: s/ Thomas C. McGraw
      Thomas C. McGraw
      State Bar No. 13653700
      TMcGraw@gibsondunn.com
      John Franklin Guild
      State Bar No. 24041022
      JGuild@gibsondunn.com

2100 McKinney Avenue, Suite 1100
Dallas, Texas 75201
Telephone: (214) 698-3133
Facsimile: (214) 571-2937
ATTORNEYS FOR DEFENDANT

OF COUNSEL:
F. Joseph Warin
William M. Jay
Jennifer J. Schulp
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone:  (202) 955-9500
Fax:  (202) 467-0539

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 27th day of July, 2006, I electronically filed the foregoing

document with the clerk of the court for the U.S. District Court, Northern District of Texas, using

the electronic case filing system of the court.  I hereby certify that I have served the foregoing

document by mailing and sending by facsimile a copy to the following individuals:

    Jason L. Horton
    Mark C. Burgess
    CRISP, BOYD, POFF, SCHUBERT & BURGESS L.L.P.
    2301 Moores Lane
    Post Office Box 6297
    Texarkana, Texas  75505-6297
    Telephone:    903-838-6123
    Facsimile:    903-832-8489

                                                    s/ John Franklin Guild_____
                                                    John Franklin Guild

100048056_1.DOC

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BRIAN JOHNSON,

     Plaintiff,

     v.

NATIONAL ASSOCIATION OF
SECURITIES DEALERS, INC.,

     Defendant.

CIVIL ACTION NO. 3:06-CV-1293-P
ECF

## APPENDIX TO
## MEMORANDUM OF LAW IN SUPPORT OF NASD'S UNOPPOSED
## MOTION TO STAY PENDING A TRANSFER DECISION BY THE
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### Table Of Contents

| Exhibit | Description | App. Pages |
|---------|-------------|------------|
| 1 | Transfer Order entered June 27, 2006 by the Judicial Panel on Multidistrict Litigation. *In re Series 7 Broker Qualification Exam Scoring Litig.*, ___ F. Supp. 2d ___ (J.P.M.L. 2006) | App. 004-007 |
| 2 | Letter from William Jay to Judicial Panel on Multidistrict Litigation | App. 008-010 |
| 3 | Stay Orders | App. 011-019 |

DATE: July 27, 2006.

Respectfully submitted,

s/Thomas C. McGraw
State Bar No. 13653700
Email: tmcgraw@gibsondunn.com
John Franklin Guild
State Bar No. 24041022
Email : jguild@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
2100 McKinney Avenue, Suite 1100
Dallas, Texas 75201
Telephone: (214) 698-3133
Facsimile: (214) 571-2937

**ATTORNEYS FOR DEFENDANT
NATIONAL ASSOCIATION OF
SECURITIES DEALERS, INC.**

OF COUNSEL:
F. Joseph Warin
William M. Jay
Jennifer J. Schulp
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 955-9500
Fax: (202) 467-0539

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of July, 2006, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served the foregoing document by mailing a copy to the following individuals:

Jason L. Horton
Mark C. Burgess
CRISP, BOYD, POFF, SCHUBERT & BURGESS L.L.P.
2301 Moores Lane
Post Office Box 6297
Texarkana, Texas 75505-6297
Telephone:     903-838-6123
Facsimile:     903-832-8489

s/ John Franklin Guild
John Franklin Guild

# **EXHIBIT 1:**

**Transfer Order entered June 27, 2006 by the Judicial Panel on Multidistrict Litigation.** *In re Series 7 Broker Qualification Exam Scoring Litig.*, __ F. Supp. 2d __ (J.P.M.L. 2006)

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 27 2006

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1772*

# *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *IN RE SERIES 7 BROKER QUALIFICATION EXAM SCORING LITIGATION*

### *BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

## *TRANSFER ORDER*

This litigation currently consists of nine actions listed on the attached Schedule A and pending in the following districts: four actions each in the District of District of Columbia and the Southern District of New York, and one action in the Eastern District of Arkansas.[1]  Before the Panel are two motions, one by plaintiffs in two actions in the Southern District of New York and another, as amended, by defendant the National Association of Securities Dealers (NASD), for coordinated or consolidated pretrial proceedings, pursuant to 28 U.S.C. § 1407, of the nine actions taken together.[2]  Every responding party agrees that centralization is appropriate. NASD, along with defendant Electronic Data Systems Corp. and plaintiffs in one Southern District of New York action and the potential tag-along action in the Southern District of Ohio, support transfer to the Southern District of New York. Plaintiffs in three Southern District of New York actions (including the original movants) plus four actions and three potential tag-along actions pending in the District of District of Columbia prefer transfer to the District of District of Columbia.  Plaintiff in the Eastern District of Arkansas action supports transfer to the Eastern District of Arkansas.

---

[1] The Panel has been notified of six related actions pending, respectively, as follows: four actions in the District of District of Columbia, and an action each in the Southern District of New York and the Southern District of Ohio.  These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] The two plaintiffs submitting the initial Section 1407 motion moved to "withdraw the complaints" in their actions, which are both pending in Southern District of New York, on March 20, 2006.  The actions (*Crabbe* and *Cutler*), however, previously were stayed on March 10, 2006, pending the Panel's decision. The New York court has not ruled upon plaintiffs' motions to withdraw their complaints and, presumably, voluntarily dismiss their actions.  Another action pending in the Southern District of New York (*Hester*) and included in NASD's motion is also subject to a stay pending the Panel's ruling; plaintiff in *Hester* has filed a Rule 41(a)(1) notice of voluntary dismissal.  An action pending in the Middle District Tennessee and subject to the initial Section 1407 motion has since been voluntarily dismissed, and Panel consideration of that action is thus moot.  All but one of these plaintiffs have since refiled their action in the District of District of Columbia, as the *Hester* and *Cutler* actions that were included in NASD's amended motion for transfer.

- 2 -

On the basis of the papers filed and hearing session held, the Panel finds that these nine actions involve common questions of fact, and that centralization under Section 1407 in the District of District of Columbia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share allegations concerning the cause or causes of errors in scoring the Series 7 Broker Qualification Exam, a computerized qualifying test required for anyone employed by a securities firm that wishes to register individuals as general securities representatives dealing with the public. These errors caused approximately 1,900 individuals to incorrectly receive a failing grade. Plaintiffs allege, on behalf of overlapping putative classes of all individuals who took the exam and received an erroneous failing grade, such common law claims as breach of contract, negligence, negligent misrepresentation, defamation, and tortious interference with contract and/or business relationships. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the District of District of Columbia is an appropriate transferee forum for this litigation. The largest number of actions are pending in the District of District of Columbia (including potential tag-along actions), and relevant documents and witnesses may be found at NASD's District of Columbia headquarters or its testing and continuing education division, which is located nearby in the District of Columbia suburbs.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of District of Columbia are transferred to the District of District of Columbia and, with the consent of that court, assigned to the Honorable John D. Bates for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

# SCHEDULE A

MDL-1772 -- In re Series 7 Broker Qualification Exam Scoring Litigation

### Eastern District of Arkansas

*Skylar S. Jordan v. National Association of Securities Dealers, Inc.*, C.A. No. 4:06-366

### District of District of Columbia

*William Lowe v. National Association of Securities Dealers, Inc., et al.*,
    C.A. No. 1:06-280
*Timothy Wallin v. National Association of Securities Dealers, Inc.*, C.A. No. 1:06-382
*Linda Cutler v. National Association of Securities Dealers, Inc.*, C.A. No. 1:06-525
*Jennifer Hester, et al. v. National Association of Securities Dealers, Inc.*,
    C.A. No. 1:06-554

### Southern District of New York

*Andrew Crabbe v. National Association of Securities Dealers, Inc.*, C.A. No. 1:06-1085
*Linda Cutler v. National Association of Securities Dealers, Inc.*, C.A. No. 1:06-1208
*Jennifer Hester v. National Association of Securities Dealers, Inc.*, C.A. No. 1:06-1238
*Gueorgui Ivanov v. National Association of Securities Dealers, Inc., et al.*,
    C.A. No. 1:06-2388

# EXHIBIT 2:
# Letter from William Jay to Judicial Panel on Multidistrict Litigation

# GIBSON, DUNN & CRUTCHER LLP

## LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

1050 Connecticut Avenue, N.W. Washington, D.C. 20036-5306
(202) 955-8500
www.gibsondunn.com

WJay@gibsondunn.com

July 20, 2006

| | |
|---|---|
| Direct Dial<br>(202) 955-8256 | Client No.<br>T 64058-00136 |
| Fax No.<br>(202) 530-9553 | |

VIA UPS OVERNIGHT DELIVERY

Jeffery N. Lüthi, Clerk
Judicial Panel on Multidistrict Litigation
One Columbus Circle, NE
Room G-255, North Lobby
Washington, DC 20002-8004

     Re:    MDL No. 1772, *In re Series 7 Broker Qualification Exam Scoring Litig.*

Dear Mr. Lüthi:

    The Panel entered an order on June 27, 2006, transferring the cases in this MDL to the U.S. District Court for the District of Columbia.

    Pursuant to the procedure explained in your letter of the same date, I write to notify the Panel of a new "tag-along" action. Enclosed please find a copy of the papers in *Johnson v. Nat'l Ass'n of Securities Dealers, Inc.*, No. 06-CV-, which was removed today to the U.S. District Court for the Northern District of Texas. Like the plaintiffs in the transferred actions, plaintiff Johnson alleges harm from the grading of the Series 7 exam.

    On behalf of the National Association of Securities Dealers, I request that the Panel's "tag-along" procedures be used to transfer this case to the U.S. District Court for the District of Columbia.

LOS ANGELES  NEW YORK  WASHINGTON, D.C.  SAN FRANCISCO  PALO ALTO
LONDON  PARIS  MUNICH  BRUSSELS  ORANGE COUNTY  CENTURY CITY  DALLAS  DENVER

**App. 009**

# GIBSON, DUNN & CRUTCHER LLP

Jeffery N. Lüthi, Clerk
July 20, 2006
Page 2


      If you have any questions, please do not hesitate to contact me or F. Joseph Warin, a partner in this office.

Very truly yours,

William M. Jay

Enclosure

cc (w/o encl.): Jason L. Horton, Esq. (by U.S. mail)

100043936_1.DOC

# EXHIBIT 3:
# Stay Orders

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ANDREW CRABBE, on behalf of himself
and all others similarly situated,

               Plaintiff,

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/10/06
```

                     06 Civ. 1085 (DAB)
                     06 Civ. 1208 (DAB)
      -against-         06 Civ. 1238 (DAB)
                         ORDER

NATIONAL ASSOCIATION OF SECURITIES
DEALERS, INC.,

               Defendant.
------------------------------------X
DEBORAH A. BATTS, United States District Judge.

    The Court is in receipt of Defendant's unopposed motion to

stay the proceedings in the above-captioned case, and those cases

related to it, pending a transfer decision by the Judicial Panel

on Multidistrict Litigation, which has been sought by the

Plaintiff.  For the reasons cited in Defendant's accompanying

memorandum of law, Defendant's unopposed motion to stay these

proceedings is GRANTED.


      SO ORDERED.

      Dated:    New York, New York
              March 9  , 2006

                                Deborah A. Batts
                      United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM LOWE, On Behalf of Himself and All Others Similarly Situated | ) )  ) )  ) )  )  )  )  ) )  ) )  )  )  ) |
| Plaintiff, | |
| v. | Civil Action No. 06-280 (RBW) |
| NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC. AND EDS CORPORATION | |
| Defendants. | |

| | |
|---|---|
| TIMOTHY WALLIN, On Behalf of Himself and All Others Similarly Situated | ) )  ) )  ) )  )  )  ) )  )  ) )  )  ) |
| Plaintiff, | |
| v. | Civil Action No. 06-382 (RBW) |
| NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC. | |
| Defendant. | |

| | |
|---|---|
| LINDA CUTLER, On Behalf of Herself and All Others Similarly Situated | ) )  ) )  ) )  )  )  ) )  )  ) )  )  ) |
| Plaintiff, | |
| v. | Civil Action No. 06-525 (RBW) |
| NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC. | |
| Defendant. | |

1

App. 013

|  |  |
|---|---|
| JENNIFER HESTER AND JASON PLUNKETT, On Behalf of Themselves and All Others Similarly Situated )<br><br>Plaintiffs, )<br><br>v. )<br><br>NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC. )<br><br>Defendant. ) | Civil Action No. 06-554 (RBW) |

JENNIFER HESTER AND JASON             )
PLUNKETT, On Behalf of Themselves     )
and All Others Similarly Situated     )
                                      )
              Plaintiffs,             )
                                      )
       v.                             )        Civil Action No. 06-554 (RBW)
                                      )
NATIONAL ASSOCIATION OF               )
SECURITIES DEALERS, INC.              )
                                      )
              Defendant.              )

NASSIM KETITA, On Behalf of Himself   )
and All Others Similarly Situated     )
                                      )
              Plaintiff,              )
                                      )
       v.                             )        Civil Action No. 06-580 (RBW)
                                      )
NATIONAL ASSOCIATION OF               )
SECURITIES DEALERS, INC. AND          )
EDS CORPORATION                       )
                                      )
              Defendants.             )

JASON CROCKETT, On Behalf of          )
Himself and All Others Similarly Situated  )
                                      )
              Plaintiffs,             )
                                      )
       v.                             )        Civil Action No. 06-652 (RBW)
                                      )
NATIONAL ASSOCIATION OF               )
SECURITIES DEALERS, INC. AND          )
EDS CORPORATION                       )
                                      )
              Defendants.             )

App. 014

## ORDER

On April 4, 2006, plaintiffs William Lowe, Timothy Wallin, Linda Cutler, Jennifer Hester, and Jason Plunkett filed an Unopposed Motion for Consolidation and Case Management Including the Organization and Leadership of Plaintiffs' Counsel ("Pls.' Mot").[1] The motion requests the consolidation of all related cases filed in this district, subsequently transferred or removed to this district, or filed in this district in the future. Pls.' Mot. at 2-3. However, there is a concurrent motion to transfer pending before the Judicial Panel on Multidistrict Litigation ("MDL Panel"). The motion to transfer involves all of the above-named plaintiffs.

In view of the motion pending before the Judicial Panel, the Unopposed Motion for Consolidation and Case Management Including the Organization and Leadership of Plaintiffs' Counsel is **DENIED WITHOUT PREJUDICE**. It is further

**ORDERED** that all cases are **STAYED** until further order of this Court.[2]

**SO ORDERED** this 11th day of April, 2006.

_____
REGGIE B. WALTON
United States District Judge

---

[1] Plaintiff Nassim Ketita was not a party to the Unopposed Motion.

[2] The parties shall notify this Court when the MDL Panel has issued a ruling on the pending motion.

3

BATTS, J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/26/06
```

GUEORGUI IVANOV, on behalf of himself
and all others similarly situated,

            *Plaintiff,*

    v.

NATIONAL ASSOCIATION OF
SECURITIES DEALERS, INC.;
ELECTRONIC DATA SYSTEMS CORP.;
THOMSON PROMETRIC, INC.,

            *Defendants.*

06-CV-2388 (DAB) [ECF Case]

DAB

~~PROPOSED~~/AGREED ORDER

**DEBORAH A. BATTS, United States District Judge.**

The unopposed motion of National Association of Securities Dealers, Inc., to stay all

proceedings in this action pending a transfer decision by the Judicial Panel on Multidistrict

Litigation is GRANTED.

SO ORDERED.

Dated: New York, New York

April 25          , 2006

DEBORAH A. BATTS
United States District Judge

App. 016

McMAHON, J.
PART I

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

JAMES BRUEN,

     *Plaintiff,*

v.

NATIONAL ASSOCIATION OF
SECURITIES DEALERS, INC.;
THE THOMSON CORPORATION,

     *Defendants.*

06-CV-2934 [ECF Case] (LA) DAB

**[PROPOSED] ORDER**

The motion of National Association of Securities Dealers, Inc., to stay all proceedings in

this action pending a transfer decision by the Judicial Panel on Multidistrict Litigation is

GRANTED.

     SO ORDERED.

Dated: New York, New York

    25 April , 2006

_____
United States District Judge
PART I

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/27/06

**App. 017**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SKYLER S. JORDAN, on Behalf of
Himself and All Others Similarly Situated                    **PLAINTIFF**

V.                                        4:06CV00366

NATIONAL ASSOCIATION OF
SECURITIES DEALERS, INC.                              **DEFENDANT**

<u>ORDER</u>

Pending is Defendant's unopposed motion to stay all proceedings pending a transfer

decision by the Judicial Panel on Multi-District Litigation. (Docket #5). For good cause shown,

the motion is granted. All proceedings in this case are hereby stayed pending a transfer decision

by the Judicial Panel on Multi-District Litigation.

IT IS SO ORDERED this 28th day of April, 2006.

_____
James M. Moody
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ATAL VARMA, On Behalf Of Himself And All Others Similary Situated, | ) ) ) | Civil Action No.: 1:06CV199 Class Action |
| Plaintiff. | ) ) | Judge Michael H. Watson |
| vs. | ) ) | |
| NATIONAL ASSOCIATION OF SECURITIES DEALERS, ELECTRONIC DATA SERVICES CORPORATION and THOMSON PROMETRIC, Inc. | ) ) ) ) ) ) ) | ORDER |
| Defendants. | ) | |

Upon consideration of the Unopposed Motion to Stay Proceedings Pending a Transfer Decision by the Judicial Panel on Multidistrict Litigation, the Court finds that there is just cause to grant the requested relief.  Accordingly, it is hereby ORDERED that the Unopposed Motion to Stay Proceedings Pending a Transfer Decision by the Judicial Panel on Multidistrict Litigation is hereby GRANTED.  This action is stayed pending further order of the Court.

SIGNED on this 6th day of ___June___, 2006,

_____
UNITED STATES DISTRICT JUDGE

App. 019